IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERICKSON PRODUCTIONS, INC., and JIM ERICKSON,<br><br>  *Plaintiffs*,<br><br>  v.<br><br>ATHERTON TRUST; KRAIG R. KAST; and ONLY WEBSITES, INC.<br><br>  *Defendants*. | No. 12-CV-1693-PGG<br><br>Hon. Paul G. Gardephe<br><br>ECF CASE<br>Electronically Filed |

  Plaintiffs ERICKSON PRODUCTIONS, INC. and JIM ERICKSON, by and through undersigned counsel, hereby respond oppose Defendant Kraig Kast's ("Kast") Motion to Transfer Venue under Rule 12(b)(3) and/or 28 U.S.C. § 1404(a). Kast's motion vacillates between arguing that this action should be transferred to California and arguing that Defendant Atherton Trust ("Atherton") has been "dissolved" and thus the action should be dismissed with prejudice. On both counts, Kast's motion should be denied outright. Indeed, Kast's motion is improper to the extent it purports to represent the interests on Atherton, and Kast's papers fail to provide *any* support for the arguments raised in favor of transfer.

## DEFENDANT ATHERTON CANNOT PROCEED *PRO SE* OR APPEAR THROUGH DEFENDANT KAST

  The basis for a party proceeding *pro se* in a federal court proceedings is governed by 28 U.S.C. § 1654. The statute does not permit "unlicensed laymen to represent anyone else other than themselves." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks omitted). "Accordingly, a layperson may not represent a separate legal entity such as a corporation." *Lattanzio, et al. v. Connecticut Center for Massage Therapy*, 481

1

F.3d 137, 139 (2007) (citing *Eagle Assocs.*, 926 F.2d at 1308; *Shapiro, Bernstein & Co. v. Cont'l Record Co.*, 386 F.2d 426, 427 (2d Cir.1967) (per curiam)).

According to Mr. Kast's filings, Atherton Trust is a Delaware statutory trust. A Delaware statutory trust is a type of unincorporated business association. *See* 12 Del. Code. Ann. §§ 3801-22; 1–9 Corp & Comm. Prac. in DE Ct. of Chanc. § 9–2 ("Since 1988, Delaware law has provided by statute for the creation of the form of unincorporated association formerly known as a business trust, and now known as a statutory trust."). "A Delaware statutory trust, like unincorporated statutory and business trusts in other jurisdictions, is managed by trustees for the benefit and profit of persons who hold beneficial interests in the trust's corpus or income." *Dargahi v. Hymas & Honda Lease Trust*, No. 05-cv-8500, 2008 WL 8586675, at *1 (S.D.N.Y. Oct. 15, 2008) (citing 12 Del. Code Ann. § 3801(a); *In re Woodsville Realty Trust*, 120 B.R. 2, 4 (Bankr. D.N.H. 1990)). Consequently, "a Delaware statutory trust has many of the characteristics of a corporation." *Id.* at *4.

Because Defendant Atherton is an unincorporated association with all the indicia of a corporation, including that it operates to the benefits of parties other than Mr. Kast, it cannot proceed *pro se* in this action and cannot be represented by Mr. Kast acting *pro se*. *See Lattanzio*, 481 F.3d at 139. Therefore, to the extent that Defendant Kast's filing purports to represent the interests of Atherton, it is improper and must be struck.

Because Defendant Atherton failed to appear in this action or respond to the Complaint, Atherton is in default.

## DEFENDANT KAST'S MOTION IS NOW MOOT

To the extent that Defendant Kast's filing can be considered by the Court, the issue is now moot. Defendant Kast's motion papers—*for the first time*—identified the party that Kast

claims created and hosted the infringing website, namely Only Websites, Inc. Plaintiffs, therefore, exercised their rights under Fed. R. Civ. P. 15(a)(1)(B) and amended their pleadings to add Only Websites, Inc. as a defendant. (*See* Docket No. 4.) The issues raised in Kast's motion are now moot because they pertain to a pleading that is no longer the operative pleading.

Furthermore, the arguments raised by Kast's filing do not apply to the Amended Complaint. In particular, Kast argues that the litigation should be transferred to California because all parties reside in California. (Motion at 10.) That is no longer true. On the contrary, the party that Mr. Kast alleges created and hosted the infringing website is a Utah company with business offices in Atlanta and Honolulu, *not California*. *See* Amended Compl. ¶ 7. This is significant because, according to Kast, the infringing website was created, designed, housed, and maintained in Utah.[1] (Motion at 6.) Accordingly, critical documents and witnesses do not reside in California. Kast's motion is moot and resolving the motion at this stage would be premature given the dynamics now that Only Websites, Inc. has been named as a defendant.

## DEFENDANT KAST FAILS TO MEET HIS BURDEN ON A MOTION UNDER SECTION 1404(a)

Even if the Court were to consider the issues raised by Kast's improper motion, Kast fails to meet his burden for demonstrating that transferring this action to California is warranted. In evaluating such a motion, the plaintiffs' choice of forum is entitled to "substantial deference." *Piper Aircraft Company v. Reyno*, 454 U.S. 235, 256 (1981). Although a foreign plaintiff's choice of forum is accorded "less deference," it still is entitled to deference and generally will be respected in the absence of evidence that the venue was chosen on the basis of forum shopping.

---

[1] Defendant Kast's attempt to cast all blame and liability on to Only Websites is not persuasive. Kast does not dispute that the infringing website was created for and at the direction of Defendant Atherton Trust. Indeed, the website expressly states on all relevant pages: "**© 2010. Atherton Trust| The Private Trust Company**." *See* Compl. Exs. 1-3. Even if one accepts Kast's unsupported contention that the website was "designed" and "hosted" by Only Websites, the fact remains that the site was *created for, owned by, and intended to benefit* Defendant Atherton Trust.

*See Dealtime.com v. McNutly*, 123 F. Supp. 2d 750, 758 (S.D.N.Y. 2000) (holding foreign plaintiff's choice of forum is entitled to deference "even under the lower standard that may be applicable to foreign plaintiffs"). Plaintiffs' choice of forum, even under the less deferential standard, warrants deference particularly "in the event that other factors do not weigh strongly in favor of transfer." *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 547 (S.D.N.Y. 2008). Therefore, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Aerotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 197 (S.D.N.Y. 2000) (internal quotations and citation omitted).

Regardless of the degree of deference accorded, the movant "bears the burden of clearly establishing that these factors favor transfer." *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000). As the moving party, Kast thus bears the burden to make a "clear and convincing showing" that transfer is proper. *Habrout v. City of New York*, 143 F. Supp. 2d 399, 401 (S.D.N.Y. 2001); *Schieffelin & Co. v. Jack Co. of Boca, Inc.*, 725 F. Supp. 1314, 1321 (S.D.N.Y. 1989) ("The moving party must make a clear-cut showing that transfer is in the best interests of the litigation."). The balance of factors must be strongly in favor of Kast before his motion is granted. *Lykes Bros. S.S. Co. v. Sugarman*, 272 F.2d 679, 681 (2d Cir. 1959).

Kast fails to meet his burden to show a basis—let alone a "clear and convincing" basis—for transfer. Kast argues that transfer is appropriate for a litany of reasons, but he provides no support for any of his contentions. In particular, Kast provides no support for his claims that (i) any non-party witnesses have knowledge that is relevant to this action; (ii) any relevant documents reside in California; and (iii) any "industry experts" – whatever that vague phrase means – are necessary in this action. Kast also fails to provide any support for his contention that (iv) Defendants have no presence in New York; (v) Atherton Trust has been "dissolved";

4

and (vi) Kast has some unspecified "medical condition" that requires him to remain in California in case of "an emergency." The Court cannot give *any* credence to any of these vague contentions because they are offered without any shred of support or explanation.

Kast's argument that crucial documents reside in California is unsupported. He identifies no documents relevant to this straightforward copyright claim, and certainly does not show that these documents are so voluminous that they cannot be transmitted electronically. *See Student Advantage, Inc. v. Int'l Student Exchange Cards, Inc.*, No. 00-1971, 2000 WL 1290585, at *7 (S.D.N.Y. Sept. 13, 2000) ("A defendant's assertion that documents are located in the transferee forum is entitled little weight in the absence of a detailed showing as to the burden the defendant would incur in the absence of transfer."); *NBA Properties, Inc. v. Salvino, Inc.*, No. 99-11799, 2000 WL 323257 at *8 (S.D.N.Y. Mar. 27, 2000) ("Defendant neither specifies the nature and volume of the documents in question nor provides proof that they records are particularly bulky or difficult to transport."); *Farberware Licensing Co. LLC v. Meyer Marketing Co., Ltd.*, No. 09-cv-2570, 2009 WL 1357956, at *2 (S.D.N.Y. May 14, 2009) ("In an era of electronic documents, easy copying and overnight shipping, [location of relevant documents or sources of proof] assumes much less importance than it did formally."); *Oubre v. Clinical Supplies Management, Inc.*, No. 05-2062, 2005 WL 3077654, at *3 (S.D.N.Y. Nov. 17, 2005) (same); *Lynch v. Nat'l Prescription Adm'rs*, No. 03-1303, 2004 WL 385156, at *3 (S.D.N.Y. Mar. 1, 2004) (same).

Kast's unsupported claim that Atherton's lack of offices in New York or his "medical condition" creates an inconvenience must be disregarded. *See Dubied Machinery Co., Inc. v. Vermont Knitting Co., Inc.*, No. 85-cv-8610, 1989 WL 16607, at *3 (S.D.N.Y. Feb. 21, 1989) ("unsupported representation that the absence of offices in this district makes an action inconvenient does not meet the requisite level of specificity required for a grant of a transfer").

Kast's unsupported argument that non-party witnesses reside in California must be disregarded because he fails to identify any such witnesses, fails to identify what information they possess, and fails to explain why their depositions in California cannot alleviate any alleged burden of proceeding in New York. *See Promuto v. Waste Management, Inc*., 44 F. Supp. 2d 628, 639 (S.D.N.Y. 1999) (holding little weight should be given to potential inconvenience to potential witnesses where the "materiality of defendants' proposed witnesses in this regard is questionable"); *Dealtime.com*, 123 F. Supp. 2d at 755 ("As [defendant] has outlined the expected testimony of [its potential witnesses] in only vague terms, they will not be considered as material witnesses whose convenience will affect the balancing inquiry.").

Kast also ignores that Defendants' publication of Plaintiffs' images on the internet infringed Plaintiffs' copyrights in this District and affected Plaintiffs' business opportunities in this District. In particular, Defendant copied Plaintiffs' images from Wells Fargo's website as set forth in the Amended Complaint. Wells Fargo obviously conducts significant business in New York and so do other financial institutions. Thus, the ramifications of Defendants' conduct directly impacted Plaintiffs' business interests in New York. This is the relevant consideration on a copyright claim, not where the website happened to be created. *See, e.g.*, *Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1154 (S.D.N.Y. 1995) (advertising and sale of infringing products in New York established significant connection); *Toy Biz, Inc. v. Centuri Corp.*, 990 F. Supp. 328, 331 (S.D.N.Y. 1998) (sales of the infringing product in New York established significant connection even though defendant manufactured product in Colorado).

Kast's filing not only falls short of meeting his burden, it also is replete with half-truths or misleading and irrelevant arguments. For instance, Kast fails to demonstrate that Defendant Atherton Trust was ever established as a Delaware statutory trust or that it was in fact

"dissolved."   The facts actually establish that Atherton was formed and operated only as a fictitious business created by Defendant Kraig Kast, who now is using the alleged "dissolution" of this fictitious business to attempt to get the case transferred out of this district and to avoid liability.  *See* Exhibit A.  As the business registration record shows, Kast registered "Atherton Trust" as one of several fictitious business entities and expressly identified the business being conducted by "an Individual" and *not* by "a Trust."  *Id.*  The Court cannot accept Kast's unsupported, self-serving, and apparently false representations, especially when the record directly contradicts Kast's filings.  These misrepresentations cast doubt on all of Kast's claims.

Furthermore, Kast claims, again without any support, that Defendants intended the infringing website to be "confidential and not able to be viewed by anyone other than internal employees." (Motion at 3.)  Kast offers no support for this claim.  Nevertheless, even if true, this would not bear on liability because it is indisputable that Defendants ***copied*** Plaintiffs' photographs from other websites and used them without permission.  Even if the website was *never* made available to the public, the unauthorized copying alone infringed Plaintiffs' copyrights under 17 U.S.C. § 106.  In any case, the fact is that the website *was* published which is the only relevant issue on liability; whether the publishing of the website was intentional bears only on the *damages* under § 504 and does not affect whether Defendants are liable for unauthorized use of Plaintiffs' photos.  17 U.S.C. § 501; *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 432-33 (1984) ("anyone . . . who trespasses into [the copyright owner's] exclusive domain by using or authorizing the use of the copyrighted work in one of the five ways set forth in the statute, 'is an infringer of the copyright.'" (quoting 17 U.S.C. § 501)); *Faulkner v. Nat'l Geographic Soc.*, 576 F. Supp. 2d 609, 613 (S.D.N.Y. 2008) ("Even an innocent copier—for example, one who copies in the belief that the infringed work is in the

public domain or without realizing that he or she is copying—is liable although lack of culpability may bear on statutory damages where those are in issue.").

## CONCLUSION

For these reasons, Defendant Kast's motion should be struck as improper and/or denied.

Respectfully submitted,

NELSON &McCULLOCH LLP

By: _____
Danial A. Nelson (DN4940)
Kevin P. McCulloch (KM0530)
The Chrysler Building
405 Lexington Ave., 26th Floor
New York, New York 10174
T: (212) 907-6677
F: (646) 308-1178

dnelson@nelsonmcculloch.com
kmcculloch@nelsonmcculloch.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

     I hereby certify that on the 5th day of June, 2012, I caused to be served a true and correct copy of the foregoing document to be served by the CM/ECF system and via electronic mail and/or U.S. Mail to the following parties:

Kraig R. Kast
12155 Vista Terraza Court
Valley Center, CA  92082
E-Mail: kraig.kast@athertontrust.com


DATED:  June 5, 2012

_____

Danial A. Nelson