IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERICKSON PRODUCTIONS, INC., and JIM ERICKSON,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>ATHERTON TRUST; KRAIG R. KAST; and ONLY WEBSITES, INC.<br><br>    *Defendants*. | No. 12-CV-1693-PGG<br><br>Hon. Paul G. Gardephe<br><br>ECF CASE<br>Electronically Filed |

### ADDITIONAL RESPONSE TO KAST'S MOTION TO TRANSFER OR DISMISS

Plaintiffs ERICKSON PRODUCTIONS, INC. and JIM ERICKSON, by and through undersigned counsel, hereby respond oppose Defendant Kraig Kast's ("Kast") June 27, 2012 brief and declaration (apparently) proffered in support of Kast's previously filed Motion to Transfer Venue under Rule 12(b)(3) and/or 28 U.S.C. § 1404(a).

### BACKGROUND

Plaintiffs' counsel received in the mail a brief and declaration from Defendant Kast dated June 27, 2012. *See* McCulloch Decl. Ex. 1. It is unclear whether Kast submitted these documents to the Court. These documents have not been filed on the public docket.

It also is unclear whether Kast intended this latest brief and declaration to constitute a separate motion or if it was submitted in support of Kast's previously filed Motion to Transfer Venue. This confusion arise from the fact that Kast's prior brief (dated June 3, 2012) contends that Kast's motion stated "two separate grounds for relief," namely (i) lack of personal jurisdiction; and (ii) inconvenient forum. *See* Docket No. 3 (Kast's Motion to Transfer Venue).

1

This Motion, however, did <u>not</u> include any argument regarding the Court's alleged lack of personal jurisdiction over Kast. This is the first time that Kast raised the jurisdiction issue.

## ARGUMENT

**I.     KAST'S PERSONAL JURISDICTION ARGUMENT RESTS ON DEMONSTRABLY FALSE REPRESENTATIONS.**

The Second Circuit has explained that resolving a motion to dismiss for lack of personal jurisdiction made in the Southern District of New York requires a two-step analysis:

> First, the court must determine if New York law would confer upon its courts the jurisdiction to reach the defendant, which in this case could only be possible under the New York long-arm statute, CPLR § 302. If there is a statutory basis for jurisdiction, the court must then determine whether New York's extension of jurisdiction in such a case would be permissible under the Due Process Clause of the Fourteenth Amendment.

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002). Under New York's long-arm statute, this Court may exercise personal jurisdiction over any non-domiciliary who "transacts any business within the state," regardless of whether that nondomiciliary has actually set foot in New York State. *Executive Life Ltd. v. Silverman*, 68 A.D.3d 715, 716, 890 N.Y.S.2d 106, 108 (NY Sup. Ct. App. Div. 2009) (citations omitted)). "Whether a defendant has transacted business within New York is determined under the totality of the circumstances, and rests on whether the defendant, by some act or acts, has 'purposefully avail[ed] itself of the privilege of conducting activities within [New York].' Purposeful activities are those with which a defendant, through volitional acts, 'avails itself of the privileges of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.* (citations omitted). Accordingly, the "overriding concern . . . is whether the defendant has 'purposefully avail[ed]' [himself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws." *ADP Investor Commc'n*

*Servs., Inc. v. In House Attorney Services, Inc.*, 390 F. Supp. 2d 212, 218 (E.D.N.Y. 2005).  In making this determination, "courts must determine on an individual basis whether or not the contacts in a particular case satisfy the New York long-arm statute 'by an analysis of the totality of the circumstances.'" *Premier Lending Servs. v. J.L.J. Assocs.*, 924 F. Supp. 13, 15 (S.D.N.Y. 1996).

Kast's brief dated June 27, 2012 contends that the Court lacks personal jurisdiction over Kast and Atherton Trust because they have never conducted business in New York and thus they lack the minimum contacts necessary to subject them to the jurisdiction of this Court.  In support of this argument, Kast submitted a declaration <u>under the penalty of perjury</u> that contends that he "never purposefully availed myself to do business in New York" and that he has "not done business in New York since 2006."  Kast Decl. ¶ 14.  Kast also claims:  "Neither the Trust nor I solicited any business from anyone in New York."  *Id.* ¶ 8.

These statements are directly contradicted by information on Atherton Trust's former website which is at issue in this action.  For instance, the Atherton Trust website includes a "Contact Us" page that expressly states:

> Our wealth management and trustee specialists are pleased to schedule a convenient time and place for you to meet us in the following metropolitan areas:
> . . .
> - <u>***New York—Northern New Jersey—Long Island***</u>

McCulloch Decl. Ex. 2 at 1 (emphasis added).  In other words, the allegedly infringing website includes an express offer to do business with (and even travel to meet) potential clients located in New York and this District.  Contrary to Kast's false representation, this solicitation of business into New York remained on the Atherton website in December 2011.  *Id.*

3

The Atherton Trust website also includes a page titled "Your Goals" that contains the following client testimonials demonstrating that Kast and Atherton Trust conducted business in New York and this District:

- "I'm a risk taker, I figure I can always make more money, your team gave me the little secret of how to make it, keep it and make more of it." Y.P. **Westchester, NY**
- "I didn't think I needed your loss protection strategies until January 2008. Now I'm a believer." H.H. **New York, NY**

McCulloch Decl. Ex. 2 at 3. Again, these statements were included on the allegedly infringing website as late as December 2011. *Id.*

This evidence contradicts the representations in Kast's declaration and unequivocally demonstrates that Defendants used Plaintiff's photos (without permission) to solicit business in New York and this District, and in fact did conduct business in New York and this District.[1] This is enough to establish specific personal jurisdiction over Defendants Kast and Atherton Trust for purposes of the claims at issue in this action. *See Courtroom Television Network v. Focus Media*, 264 A.D.2d 351, 695 N.Y.S.2d 17 (NY Sup Ct. App. Div. 1999).

At a minimum, the Court should order discovery of Atherton Trust and Kast's contacts with the forum district to determine the scope of Defendants' contacts with this forum. Kast has made numerous representations to the Court that either are intentionally misleading or blatantly false. The Court cannot accept Kast's self-serving and unsupported representations. Moreover, a question still exists as to Kast's personal contacts with New York outside of his business

---

[1] Kast's brief also contends that the Atherton website is "passive" only and did not permit interaction with residents of New York. This representation is entirely misleading. The Atherton website specifically states that "We serve clients in other areas of the US . . . using online technology, qualified affiliates and correspondents as you may prefer." McCulloch Decl. Ex. 2 at 2. In any event, New York courts have held that "passive Web sites, when combined with other business activity, may provide a reasonable basis for the assertion of personal jurisdiction." *Grimaldi v. Guinn*, 72 A.D.3d 37, 49, 895 N.Y.S.2d 156, 165 (Sup. Ct. App. Div. 2010).

contacts, which also may support jurisdiction. *See Bank Brussels Lambert*, 305 F.3d at 126 (collecting cases); *Granada Television, Int'l, Ltd. v. Lorindy Pics. Int'l Inc.*, 606 F.Supp. 68, 72 n. 5 (S.D.N.Y.1984) ("[T]he persistent course of conduct may involve a great range of human activity which, while it might fall beyond the pale of 'business' conduct, would, because of its consistency, serve as a solid link of jurisdiction to New York.") (quoting J. McLaughlin, Practice Commentary, § 302, McKinney's Consol. Laws of N.Y. (1972)). Discovery thus is necessary to determine the scope of Kast's true business contacts with New York, and to uncover any personal contacts with New York.

If the Court determines that discovery is not permitted and an evidentiary hearing is not required, then a prima facie showing of Defendants' contacts with the forum jurisdiction is sufficient to establish jurisdiction and deny Kast's Motion. *See Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981) (citations omitted).

## II. KAST SHOULD BE SANCTIONED.

In addition to the false statements in his June 27 declaration, documents provided by Only Websites, Inc. demonstrate that a number of Kast's prior representations to the Court also are false.

For instance, Kast represented to this Court that Only Websites was solely responsible for designing the infringing website at issue here. The evidence, however, shows that Kast had considerable input into the content of the infringing website and expressly encouraged and instructed Only Website to copy content from Atherton's competitors, including Wells Fargo which has a legitimate license to use Plaintiffs' photos. McCulloch Decl. Ex. 2. Indeed, during a call on December 27, 2010, Kast instructed Only Website to use "the content throughout the site as on the following page in the Wells Fargo site." *Id.* at 5. And a call log from January 28,

5

2011 (11:37 AM) reveals that Kast himself delivered the photo and text content to Only Websites. *Id.* at 6-7. Following that call, Only Websites notes that "what [Kast] wants [is] very specific and detailed like the Wells Fargo site." *Id.* at 7.

Kast also claims that Only Websites mistakenly made a developmental site available to the public without his approval or knowledge. The evidence provided by Only Websites, however, contradicts and discredits this contention:

> Just to give you a quick run-through of the process, we like to start with the design of the site before we add any content or interior pages. The first thing I send you will be the static design of the homepage. Once we finalized a design that you are 100% happy with, we will build/code out the site, adding interior pages and your content. Once we have the site built and your content implemented, we'll go through two reviews of the site, checking for errors and making final edits. After these edits, we'll have the site finished and we'll make it "live" and viewable online.

*Id.* at 2. The call log also shows that Kast directly participated in these rounds of edits, including on March 1, 2011. *Id.* at 8-9. Kast also was aware that the developmental site was available at http://www.onlywebsites.com/1/atherton/ and thus obviously was aware that the site Atherton Trust website available at www.atherton.com was a "live" site accessible by the public. *Id.* at 5. In fact, the call log repeatedly evinces that Kast directly controlled the decisions regarding whether and when to "launch" the Atherton Trust website. *Id.* at 5 ("Our target launch was Feb. 1st now I will have to slip it to Feb. 15.").

Kast should be sanctioned for making false representations to this Court, both because the declaration submitted by Kast was submitted "under penalty of perjury" and because his filings with the Court run afoul of Fed. R. Civ. P. 11(b). Federal Rule of Civil Procedure 11(b) requires that any party signing a submission "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have

6

evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).  The signing party also certifies that the "pleading, written motion, or other paper" is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1).  The signing party thus has "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing." *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991).

Among other sanctions, Plaintiffs request all costs and fees incurred in responding to Kast's motion(s).

### III. KAST'S BRIEF FAILS TO ESTABLISH ANY BASIS FOR TRANSFERRING THIS ACTION.

Plaintiffs' prior opposition brief demonstrated at length why Kast failed to meet his burden to establish a basis for transferring venue.  (*See* Docket No. 5.)  Kast's latest brief does not respond to any of these arguments and does not provide the Court with any basis for transferring this action to California.  Kast has not identified any potential witnesses in California or any relevant documents in California that would require transferring venue.  Kasts' motion also entirely ignores that Only Websites, Inc.—the party that Kast alleges is responsible for designing, hosting, and publishing the infringing website—is not located in California. Kast's request thus fails on its face.

### IV. DEFENDANTS ATHERTON TRUST AND ONLY WEBSITES, INC. ARE IN DEFAULT.

As Plaintiffs previously argued, 28 U.S.C. § 1654 does not permit "unlicensed laymen to represent anyone else other than themselves." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks omitted).  "Accordingly, a layperson may not represent a separate legal entity such as a corporation." *Lattanzio, et al. v. Connecticut*

7

*Center for Massage Therapy*, 481 F.3d 137, 139 (2007) (citing *Eagle Assocs.*, 926 F.2d at 1308; *Shapiro, Bernstein & Co. v. Cont'l Record Co.*, 386 F.2d 426, 427 (2d Cir.1967) (per curiam)).

Because Kast's filings have all been *pro se*, these filings cannot represent or speak for Atherton Trust or Only Websites, Inc. in any way. Atherton Trust and Only Websites thus have failed to appear in this action or respond to the Complaint and now are in default.

## CONCLUSION

For these reasons, Defendant Kast's motion should DENIED on all grounds.

Respectfully submitted,

NELSON &McCULLOCH LLP

By: _____
Danial A. Nelson (DN4940)
Kevin P. McCulloch (KM0530)
The Chrysler Building
405 Lexington Ave., 26th Floor
New York, New York 10174
T: (212) 907-6677
F: (646) 308-1178

dnelson@nelsonmcculloch.com
kmcculloch@nelsonmcculloch.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 19, 2012, I caused to be served a true and correct copy of the foregoing document to be served by the CM/ECF system and via electronic mail and/or U.S. Mail to the following parties:

Kraig R. Kast
12155 Vista Terraza Court
Valley Center, CA 92082
E-Mail: kraig.kast@athertontrust.com


DATED: November 19, 2012

_____

Danial A. Nelson