THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERICKSON PRODUCTIONS, INC., and JIM ERICKSON,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>ATHERTON TRUST; KRAIG R. KAST; and ONLY WEBSITES, INC.<br><br>    *Defendants*. | No. 12-CV-1693-PGG<br><br>Hon. Paul G. Gardephe<br><br>ECF CASE<br>Electronically Filed |

## SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT KAST'S MOTION TO DISMISS

Danial A. Nelson (DN4940)
Kevin P. McCulloch (KM0530)
NELSON & McCULLOCH LLP
The Chrysler Building
405 Lexington Ave., 26th Floor
New York, New York 10174
T: (646) 704-4900
F: (646) 308-1178

November 30, 2012     *Attorneys for Plaintiff*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. II

FACTUAL BACKGROUND ................................................................................................ 1

ARGUMENT ......................................................................................................................... 2

I. STANDARD OF REVIEW ........................................................................................ 2

II. KAST'S RELIANCE ON 12 DEL. CODE § 3803 IS MISPLACED AND HIS MOTION FAILS ON NUMEROUS LEVELS. ........................................................................ 3

    A. The Court Must Exclude This Argument Or Convert Kast's Motion To One For Summary Judgment Because Kast's Argument Relies Entirely On Extra Pleading Materials. ........................................................... 3

    B. Without Reviewing The Governing Instrument, The Court Cannot Determine Whether Section 3803 Even Applies To Kast. ....................... 4

    C. The Evidence Discredits Kast's Claims That He Formed Atherton Trust As A Delaware Statutory Trust. ........................................................ 5

    D. Even If Atherton Trust Was Organized And Registered As A Delaware Statutory Trust, Kast Still Is Liable Under The Copyright Act ................................................................................................................ 7

    E. Section 3803 Does Not Apply To Kast's Illegal Copying Of Plaintiffs' Photos. ........................................................................................ 9

    F. Kast Is Liable To The Trust, And Thus Indirectly Or Vicariously Liable For Any Judgment Or Damages Against The Trust That Cannot Be Recovered By Plaintiffs. ....................................................... 10

CONCLUSION ................................................................................................................... 12

## TABLE OF AUTHORITIES

**CASES**

*Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002)
 (quoting *Friedl v. City of New York*, 210 F.3d 79 (2d Cir. 2000)) ............................................. 3

*Dargahi v. Honda Lease Trust*, 370 F. App'x 172 (2d Cir. 2010) ................................................... 8

*Dargahi v. Hymas*, No. 05-cv-8500 (BSJ), 2008 WL 8586675
 (S.D.N.Y. Oct. 15, 2008) .................................................................................................... 8

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375
 F.3d 168 (2d Cir. 2004) ...................................................................................................... 3

*Friedl v. City of New York*, 210 F.3d 79 (2d Cir. 2000) ................................................................ 3

*Fugazy Int'l Travel Group, Inc. v. Stargazer, Ltd.*, No. 02 Civ.
 3373, 2003 WL 115220 (S.D.N.Y. Jan. 10, 2003) ..................................................................... 8

*Hogg v. Walker*, 622 A.2d 648 (Del. 1993) .......................................................................... 9, 10, 12

*Holloway v. Sharon Land Co.*, 1977 WL 2573 (Del. Ch. Ct.
 Aug.25, 1977) ................................................................................................................. 12

*Lechner v. Marco-Domo Internationales Interieur GmbH*, No. 03
 Civ. 5664, 2005 WL 612814 (S.D.N.Y. Mar. 14, 2005) ............................................................. 8

*McKenna v. Wright*, 386 F.3d 432 (2d Cir. 2004) ............................................................................ 2

*Muench Photography, Inc. v. Houghton Mifflin Harcourt
 Publishing Co.*, No. 09-CV-2669, 2010 U.S. Dist. LEXIS
 45080 (S.D.N.Y. May 4, 2010) ........................................................................................... 3

*Roth v. Jennings*, 489 F.3d 499 (2d Cir. 2007) ................................................................................ 2

*Samet & Wells, Inc. v. Shalom Toy Co.*, 429 F. Supp. 895
 (E.D.N.Y. 1977) ................................................................................................................ 8

*U2 Home Ent., Inc. v. Fu Shun Wang*, 482 F. Supp. 2d 314
 (E.D.N.Y. 2007) ................................................................................................................ 8

**STATUTES**

12 Del. Code Ann. § 3803 ............................................................................................................... 9

12 Del. Code Ann. § 3806(b)(7) ..................................................................................................... 9

12 Del. Code Ann. § 3821(g) .................................................................................................... 10

12 Del. Code Ann. §§ 3801–3822 ............................................................................................. 7

12 Del. Code. Ann. § 3801(c) .................................................................................................... 4

12 Del. Code. Ann. § 3810 ........................................................................................................ 4

1–9 Corp & Comm. Prac. in DE Ct. of Chanc. § 9–2 ................................................................ 7

**RULES**

Fed. R. Civ. P. 12(d) ............................................................................................................. 3, 4

**FEDERAL STATUTES AND RULES**

17 U.S.C. § 501(a) ..................................................................................................................... 7

Pursuant to the Court's Order dated November 21, 2012 (Docket No. 17), Plaintiffs Erickson Productions, Inc. ("Erickson Productions") and Jim Erickson ("Erickson") (collectively "Plaintiffs"), by and through undersigned counsel, hereby submit this supplemental memorandum of law to address the argument by Defendant Kraig Kast ("Kast") that the claims against him must be dismissed under 12 Del. Code Ann. § 3803.  Kast's argument is utterly without merit and there is no case law supporting his position.

## FACTUAL BACKGROUND

Plaintiff Jim Erickson is a professional photographer who makes his living taking and licensing photographs.  Amd. Compl. (Dkt. No. 4) ¶ 13.  Plaintiff Erickson Productions is a distributor and licensor of stock photography images taken by Jim Erickson.  *Id.* ¶ 12.

Defendant Atherton Trust ("Atherton") exploited three (3) of Erickson's copyrighted photographs for commercial use on its website without permission.  *Id.* ¶¶ 21-27 & Exs 1-3.  The infringing website was created and published by Defendant Only Websites, Inc. ("Only Websites").  *Id.* ¶ 18.  Defendant Kast personally oversaw the creation of the website and personally acquired Plaintiffs' photos by illegally copying them from the website of Wells Fargo Wealth Management Marketing ("Wells Fargo").  *See* Amd. Compl. ¶¶ 28-31 & Exs. 1-6.

On July 12, 2011, counsel for Plaintiffs contacted Kast to demand that he immediately cease and desist the unauthorized use of Plaintiffs' copyrighted images on the Atherton website.  *See* Amd. Compl. ¶ 32; Nelson Decl. Ex. 1.  In response, Kast disclaimed any knowledge that Only Websites had copied the photos from the Wells Fargo site, instead claiming that he had instructed Only Website to purchase images "from authorized image services[.]"  *See* Nelson Decl. Ex. 2 at 3.  In the subsequent correspondence, Kast also stated that he intended to attempt to avoid liability by improperly hiding behind the corporate structure of Defendant Atherton

1

Trust, claiming: "You are invited to waste your time and money, even if you get a charging order you will not collect anything because of the way this company is structured." *Id* at 1.

After the Complaint was filed and served on Kast, he again indicated that he intended to "simply shut down this company [so] you and Erickson will get nothing." Nelson Decl. Ex. 3. Kast also stated that he intended to intentionally drive up the costs of litigation in the hopes that Plaintiffs would abandon their claims. *Id.* ("My guess is it will cost Jim Erickson a minimum of $500,000 [to litigate, so] even if he wins, it will be for no monetary gain.").

True to his word, Defendant Kast has attempted to avoid liability by hiding behind the corporate structure of Atherton Trust. Among other arguments, Kast has claimed that Atherton Trust was organized and registered as a Delaware statutory trust and that he was the trustee. Relying on these unsupported representations, Kast argues that 12 Del. Code Ann. § 3803 requires dismissal of the claims against him because it shields all trustees from any personal liability. Kast's argument fails on multiple levels.

## ARGUMENT

**I.    STANDARD OF REVIEW.**

For purposes of resolving Kast's motion to dismiss, including his argument under Section 3803, the Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir. 2007). Indeed, the Second Circuit has held that "the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the [asserted] defense." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004). This liberal standard of construction is predicated on the fact that the question at this stage "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 177 (2d Cir. 2004).

In reviewing Kast's arguments, Federal Rule of Civil Procedure 12(d) precludes consideration of any materials beyond the scope of the pleadings and requires that the Court "<u>must</u>" either exclude such extrinsic evidence from its inquiry or convert this motion to one for summary judgment. Fed. R. Civ. P. 12(d); *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publishing Co.*, 712 F. Supp. 2d 84, 84 (S.D.N.Y. 2010) (converting motion to dismiss to one for summary judgment before considering whether registrations complied with Copyright Act). This exclusion or conversion requirement is "'strictly enforced'" and must be applied whenever a defendant relies on extra-pleading material in moving to dismiss. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002) (quoting *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000)).

**II.    KAST'S RELIANCE ON 12 DEL. CODE § 3803 IS MISPLACED AND HIS MOTION FAILS ON NUMEROUS LEVELS.**

   **A.    The Court Must Exclude This Argument Or Convert Kast's Motion To One For Summary Judgment Because Kast's Argument Relies Entirely On Extra Pleading Materials.**

Kast's argument that the claims against him must be dismissed under Section 3803 relies on extra-pleading materials and alleged facts not included in the complaint. Indeed, the entire basis for Kast's argument under Section 3803 relies on extra-pleading factual contentions, including his contentions that (i) Atherton Trust was organized as a Delaware statutory trust rather than some other corporate entity and (ii) that the governing trust instrument identifies Kast as the trustee. Neither of these factual claims – which are fundamental predicates to Kast's argument under Section 3803 – are included in Plaintiffs' pleadings. Instead, both are established only through Kast's declarations.

The Court cannot merely accept Kast's unsupported representations on these points. Kast

3

has not provided the Court any documentation, including the governing trust instrument, to support either proposition. And if Kast had provided these materials in support of his motion, Fed. R. Civ. P. 12(d) would require that the Court convert Kast's motion to one for summary judgment. This conversion requirement is absolutely necessary in this case because Kast's extra-pleading representations are unsupported and many of his representations to the Court appear to be outright false, as shown in Plaintiffs' prior filings.

It would be contrary to the fundamental requirements and basic principles of Rule 12(d) to merely accept Kast's representations without allowing any discovery into the true organizational structure of Atherton Trust.

### B. Without Reviewing The Governing Instrument, The Court Cannot Determine Whether Section 3803 Even Applies To Kast.

Kast's entire argument under Section 3803 relies on his contentions that Atherton Trust is organized as a Delaware statutory trust and that he is the managing trustee. Curiously, however, Kast fails to provide the Court with any documents to support these contentions. For instance, Kast did not provide the Court with a copy of the "governing instrument" required under 12 Del. Code. Ann. § 3801(c) or the "certificate of trust" that must be filed in Delaware pursuant to 12 Del. Code. Ann. § 3810. Without these documents, there is nothing in the record other than Kast's unsupported declaration that Atherton Trust in fact was organized as a Delaware statutory trust or that he was identified as the trustee in the governing instrument.

This omission is significant because merely *managing* the trust is not sufficient to transform Kast into a *trustee* who would enjoy the protections under Section 3803. *See* 12 Del. Code Ann. § 3806(a) ("Except to the extent otherwise provided in the governing instrument of a statutory trust, neither the power to give direction to a trustee or other persons nor the exercise thereof by any person (including a beneficial owner) shall cause such person to be a trustee.").

4

Without being able to review the governing instrument, the Court cannot determine whether Section 3803 is even potentially relevant in this case. Kast's motion thus fails on its face.

### C. The Evidence Discredits Kast's Claims That He Formed Atherton Trust As A Delaware Statutory Trust.

Kast's failure to provide the Court with the governing instrument of Atherton Trust is all the more conspicuous given that publicly available records demonstrate that Atherton Trust was *not* registered or operated as a trust at all, but instead was a "fictitious business entity" operated by Kast in his *individual* capacity. Specifically, the business registration records from the San Diego County Clerk's Office identify "Atherton Trust" as one of four fictitious business names for Kast's business. *See* Nelson Decl. Ex. 4. These records also reveal that Kast identified "Atherton Trust" as a business being conducted by **"An Individual" and *not* as "A Trust."**[1] *Id.* These registration records also indicate that Kast registered the business in his own name and certified that the information in this registration was true, under threat of committing a crime under California law. *Id.*

This registration record directly contradicts Kast's representations regarding the organizational structure of Atherton Trust. As a result, whether Atherton Trust in fact was organized as a statutory trust or as some other business entity remains unclear. The Court cannot resolve this factual question on this motion, and it certainly cannot blindly accept Kast's unsupported and self-serving representations.

Additional evidence also discredits Kast's representations that Atherton Trust was organized as a trust and that his business dealings were carried out as a trustee. For instance, Kast currently is being in an unrelated action in California for breach of contract, fraud, and

---

[1] It appears that Kast initially identified the business as a trust, but then crossed out that designation and included his initials next to the change to indicate his approval of that change.

5

breach of fiduciary and the complaint filed against Kast alleges that he also is known as Warren Craig Rudinger and carried out business dealings under various corporate names, including (i) Atherton Trust Co,; (ii) Atherton Insurance Services; (iii) Atherton & Associates; (iv) The Atherton Co.; (v) Atherton Investment Advisors; and (vi) CB Real Estate Wealth Management. *See* Nelson Decl. Ex. 8 at 16-19 (Exhibits 1 & 2 to the *Reinecker* complaint).  The contracts and agreements attached to the complaint in that action strongly suggest that Kast was using the name "Atherton Trust Co." as merely one of many fictitious business names to carry out his various business dealings, as confirmed by the business registration records from the San Diego County Clerk's Office.

The Court also should be wary of accepting Kast's representations on this point because he has made numerous other representations to the Court that plainly are false.  For instance, Kast represented to the Court, under penalty of perjury, that Only Websites was entirely responsible for selecting the content of the Atherton Trust website.  Records obtained from Only Websites, however, make clear that Kast provided detailed instructions to Only Websites to copy the Wells Fargo website and e supplied the content to Only Websites.  *See* Nelson Decl. Ex. 5 ("Call Log") at 3-8.  These records also reveal that Kast approved the final website and thus was aware, contrary to his representations to the Court, that the site was going "live" and would be accessible by the public.  *Id.*

Kast also represented to the Court, again under penalty of perjury, that he "never purposefully availed [him]self to do business in New York [sic]" and that "neither the Trust nor I solicited any business from anyone in New York."  These representations also are directly contradicted by documentary evidence, including screen captures from the Atherton Trust website itself, which expressly lists "New York—Northern New Jersey—Long Island" as one of

6

the areas in which Atherton Trust has "wealth managements specialists." Nelson Decl. Ex. 6 at 1. The Atherton Trust website also included numerous client testimonials demonstrating that Kast and Atherton Trust conducted business in New York and this District through 2011. *Id.* at 2 & 3. The fact that the infringing website includes *both* (i) an express offer to do business and even travel to meet potential clients located in New York and (ii) testimonials from numerous clients located in New York is stark evidence that Kast's representations to this Court are false. These are but two examples of misleading and outright false representations made by Defendant Kast in his continuing effort to avoid liability.

Plaintiffs are not asking the Court to consider these extra-pleading materials or resolve the conflicting factual issues on this motion. Rather, Plaintiffs submit this evidence to further highlight why the Court either should exclude Kast's argument under Section 3803 or convert Kast's motion to one for summary judgment and allow discovery on these questions.

**D.    Even If Atherton Trust Was Organized And Registered As A Delaware Statutory Trust, Kast Still Is Liable Under The Copyright Act.**

Even if the Court accepts Kast's factual representations and proceeds to address the merits of his argument under Section 3803, Kast's argument finds no support in the law.

Despite Kast's protestations, the fact is that a Delaware statutory trust is a type of unincorporated business association. *See* 12 Del. Code Ann. §§ 3801–3822; 1–9 Corp & Comm. Prac. in DE Ct. of Chanc. § 9–2 ("Since 1988, Delaware law has provided by statute for the creation of the form of unincorporated association formerly known as a business trust, and now known as a statutory trust."). This Court also has found that "a Delaware statutory trust has many of the characteristics of a corporation" and even held that such a trust is "so similar to a corporation" that it should be treated as a corporation for many purposes, including determining domicile and whether the trust corpus is subject to attachment. *See Dargahi v. Hymas*, No. 05-

cv-8500 (BSJ), 2008 WL 8586675, at *4 (S.D.N.Y. Oct. 15, 2008), *aff'd sub nom. Dargahi v. Honda Lease Trust*, 370 F. App'x 172 (2d Cir. 2010).

Because a Delaware trust is treated like a corporation, Kast's argument fails and there is no basis for dismissing the claims against him under Section 3803. Section 501 of the Copyright Act provides that "*anyone* who violates any of the exclusive rights of the copyright owner . . . is an infringer of copyright." 17 U.S.C. § 501(a) (emphasis added). Accordingly, "corporate officers can be held liable for the infringing acts of their corporations if they personally participated in the acts constituting infringement." *Lechner v. Marco-Domo Internationales Interieur GmbH*, No. 03 Civ. 5664, 2005 WL 612814, at *6 (S.D.N.Y. Mar. 14, 2005) (collecting cases). Thus, even if Kast is a managing trustee of the Atherton Trust, he cannot avoid liability under the Copyright Act and it is not necessary to pierce the trust instrument to impose personal liability on him. *See, e.g., U2 Home Ent., Inc. v. Fu Shun Wang*, 482 F. Supp. 2d 314, 318 n.4 (E.D.N.Y. 2007); *Samet & Wells, Inc. v. Shalom Toy Co.*, 429 F. Supp. 895, 903-04 (E.D.N.Y. 1977); *cf. Fugazy Int'l Travel Group, Inc. v. Stargazer, Ltd.*, No. 02 Civ. 3373, 2003 WL 115220, at *2 (S.D.N.Y. Jan. 10, 2003) ("[I]f an individual actively and knowingly cause[s] the trademark infringement, he is personally responsible. Specifically, a corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing the corporate veil.") (internal quotations omitted).

Contrary to Kast's proposed reading of Section 3803, Delaware courts have held that a managing trustee is not entirely immunized from personal liability, especially where the misconduct involves a violation of the duties to the trust. As the Supreme Court of Delaware explained:

> [N]either a trust estate nor trust property are recognized as separate legal entities which immunize a trustee from the consequences of misconduct. Moreover, general common law principles hold that a trustee's breach of trust subjects that fiduciary to personal liability in the nature of a surcharge.

*Hogg v. Walker*, 622 A.2d 648, 653 (Del. 1993) (citations omitted).

### E. Section 3803 Does Not Apply To Kast's Illegal Copying Of Plaintiffs' Photos.

Kast's argument also fails because his infringing conduct was not within his capacity as the trustee and certainly was not governed by the trust instrument. Section 3803 makes clear that any limitation on liability applies only when the trust manager is "acting pursuant to § 3806(b)(7) of this title, when acting in such capacity." 12 Del. Code Ann. § 3803. Section 3806(b)(7), in turn, relates to conduct in which the manager is acting according to the "rights, powers and duties as the governing instrument shall provide." 12 Del. Code Ann. § 3806(b)(7). Accordingly, any conduct that is beyond these express limitations is not covered by the protections of Section 3803, including Kast's illegal copying of photos.

At a minimum, the Court must reject Kast's argument on its face because he has not provided the Court with the governing instrument for Atherton Trust and thus the Court cannot determine whether Kast's conduct was within his rights and duties as the trustee (assuming *arguendo* that the governing instrument even names him as the trustee).

Kast's infringements also cannot be protected under Section 3803 because he plainly used Atherton Trust to conduct his personal business dealings. *See* Nelson Decl. Ex. 1. There is no evidence that Kast was appointed as the trustee by the trust's board or managed the trust corpus as a proper fiduciary. Instead, it appears that Kast simply operated Atherton Trust as a corporate entity, but now wants to hide behind its alleged "trust" façade to avoid personal liability for his illegal conduct.

9

> **F.    Kast Is Liable To The Trust, And Thus Indirectly Or Vicariously Liable For Any Judgment Or Damages Against The Trust That Cannot Be Recovered By Plaintiffs.**

Kast's argument that the claims against him must be dismissed under Section 3803 entirely ignores that, as the managing trustee, he violated his fiduciary duty to the trust and its beneficial owners by "dissolving" the trust without making appropriate allowances for Plaintiffs' copyright claims against the trust. As the Court noted at the hearing held on November 20, 2012, Plaintiffs' counsel brought these claims against Atherton Trust to Kast's attention in June 2011 and the complaint in this action was filed in March 2012, well before Kast "dissolved" the trust in May 2012. Kast unquestionably was aware of the claims against Atherton Trust when he chose to dissolve that entity. In fact, as shown above, he repeatedly made clear that he intended to shield himself from liability by hiding behind the trust façade and that he would "simply shut down this company [so] you and Erickson will get nothing." Nelson Decl. Ex. 3.

This is significant here because, as the Court also noted at the hearing held on November 20, 2012, Delaware law provides that the cessation or dissolution of a trust does not affect the liability of the trust for claims that accrued prior to its dissolution. *See, e.g.*, 12 Del. Code Ann. § 3821(g) ("The conversion of a statutory trust out of the State of Delaware in accordance with this section and the resulting cessation of its existence as a statutory trust of the State of Delaware pursuant to a certificate of conversion to a non-Delaware entity shall not be deemed to affect any obligations or liabilities of the statutory trust incurred prior to such conversion or the personal liability of any person incurred prior to such conversion[.]"); *Hogg*, 622 A.2d at 653 ("The fact that the *res* of the trust was dissipated does not foreclose an equitable remedy to make [creditor] whole.").

Despite being aware of the claims against Atherton Trust, Kast has not demonstrated that, as he would be required to do as the trust manager, he retained sufficient assets to allow the trust

10

to defend itself in this action or to pay any judgment against the trust. He certainly has not made any effort to use the trust assets to retain counsel or mount a defense for the trust in this action. Instead, he appears to have shifted all trust assets into a new company called California Trust Co. Although discovery has not yet begun, online records show that Kast registered a new website domain name identifying the registrant organization as the California Trust Co. and did so using his girlfriend's e-mail address, Mariellen Baker. *See* Nelson Decl. Ex. 7. Mr. Kast's account on the business networking site called LinkdIn also shows that he now identifies himself as the managing trustee for the California Trust Co. *Id.*

Both Kast and Ms. Baker are being sued for fraud, breach of fiduciary duty, and other claims relating to improper dealing carried out under the guise of Atherton Trust and other Atherton-named companies. *See* Nelson Decl. Ex. 8 (*Reinecker v. Kast, et al.*). The complaint filed against Kast alleges that he also is known as Warren Craig Rudinger and carried out business dealings under various corporate names, including (i) Atherton Trust Co,; (ii) Atherton Insurance Services; (iii) Atherton & Associates; (iv) The Atherton Co.; (v) Atherton Investment Advisors; and (vi) CB Real Estate Wealth Management. *See id.* at 16-19 (Exhibits 1 & 2 to the *Reinecker* complaint). Significantly, the contracts and other agreements in this complaint were executed by Kast in August 2011 – after Kast was aware of Plaintiffs' claims against Atherton Trust but before he allegedly dissolved that entity. Thus, even if the Court accepts that Atherton Trust was organized as a statutory trust, it is evident that Kast's dealings – including his conduct giving rise to the infringement claim against him in this action – were carried out not merely as a trustee for Atherton Trust but also as the sole corporate officer of numerous other fictitious business entities. The Court cannot turn a blind eye to these other non-trust businesses and allow Kast to hide behind the protections of Section 3803.

11

Kast's failure to act as a proper fiduciary constitutes a "breach of trust" under Delaware law "and gives rise to liability on the part of the trustee and a correlative cause of action on the part of the beneficiary [or creditor] for any loss to the trust estate." *Hogg*, 622 A.2d at 653; *cf. Holloway v. Sharon Land Co.*, 1977 WL 2573, at *3 (Del. Ch. Ct. Aug.25, 1977) (invalidating preferential payments to corporate officer as contrary to fiduciary obligation).  This is significant because Delaware law provides that "a trustee's liability for a breach of trust is personal in character with all the consequences and incidents of personal liability" and thus if he is found to have breached any duty to the trust then he "may be required, because of past loss of the trust corpus, to use his or her own resources to replenish the corpus." *Hogg*, 622 A.2d at 653.

Consequently, if Plaintiffs' cannot recover the damages that they are awarded on the default judgment against the trust as a result of Kast's misconduct, they are permitted to assert indirect claims against Kast in his personal capacity and he will be personally liable for the judgment against the trust and the Court may require Kast to replenish the trust corpus in order to pay the judgment against Atherton Trust.  It thus would be inappropriate to dismiss any claims against Kast

## CONCLUSION

For the forgoing reasons, the Court should DENY Kast's motion to dismiss.

Dated: November 30, 2012

        Respectfully submitted,
        NELSON & McCULLOCH LLP

        _____
        Danial A. Nelson (DN4940)
        Kevin P. McCulloch (KM0530)
        The Chrysler Building
        405 Lexington Ave., 26th Floor

New York, New York 10174
T: (646) 704-4900
F: (646) 308-1178

*Attorneys for Plaintiffs*

13

## CERTIFICATE OF SERVICE

      I hereby certify that on November 30, 2012, I caused to be served a true and correct copy of the foregoing document to be served by overnight U.S. Mail to the following parties:

Kraig R. Kast
12155 Vista Terraza Court
Valley Center, CA  92082

DATED:  November 30, 2012

_____
Danial A. Nelson