# EXHIBIT 3

| | |
|---|---|
| **From:** | Kraig Kast |
| **To:** | "Kevin P. McCulloch"; info@ericksonproductions.com |
| **Subject:** | Erickson Productions v Atherton/Kast |
| **Date:** | Wednesday, March 07, 2012 9:02:47 PM |

Dear Mr. McCulloch and Mr. Erickson:

You can file your lawsuit, but you will not collect one cent from Atherton Trust-A Delaware Statutory Trust as the company has no assets and no revenue (also look up the personal asset protection provisions for beneficiaries of this business structure and the company's Charter in Delaware). Even if you get a charging order we will simply shut down this company and you and Erickson will get nothing.

The images you claim as Erickson's were removed months ago (a check of the website will verify this). When you previously contacted Atherton you were advised the photos were mistakenly used by Atherton's web developer for space planning on a design prototype that was never meant to be published to the web. The photos you claim as Erickson's were removed by the developer within 24 hours of your contacting us, at my request. YOU never made a claim for royalties which indicates Erickson is simply engaged in legal extortion. Further, your claims in your lawsuit are at least six months old and have no current legal basis. The design of this website contains nothing proprietary. The dropdowns, links, java code, etc. are open architecture. Photos on the current site were purchased from Corbis and Shutterstock.

Atherton has parted ways with the site developer. The Atherton site began to be revised by another developer in February 2012 and will be completed in May 2012. It is being rewritten and redesigned so as to eliminate the areas on which you claim infringement.

We have previously discussed your fallacious claim with several open web architecture and website builder organizations, many of whom are based in the San Francisco area near your client. They view your action and that of your client as an attempt to profiteer/extort money from and to destroy a start-up company using a baseless claim for a lawsuit. They look forward to fighting you and Erickson pixel by pixel. My guess is it will cost Jim Erickson a minimum of $500,000 and even if he wins, it will be for no monetary gain. So the bottom line is you are misleading your client as to the probability of the riches he will gain from this action in order for you to make money off him.

Your lawsuit has been forwarded to the law firms in Silicon Valley who represent the open architecture organizations who are prepared to counter your claim and web developers who are ready to begin a boycott of Erickson video and photo products within days of our being served.

Do not contact me again.

Kraig Kast
President
Atherton Trust Co.-A Delaware Statutory Trust.

**From:** Kevin P. McCulloch [mailto:kmcculloch@nelsonmcculloch.com]
**Sent:** Wednesday, March 07, 2012 2:01 PM
**To:** 'Kraig Kast'
**Cc:** 'Dan Nelson'
**Subject:** Erickson Productions v Atherton/Kast

Please see the attached notice of lawsuit and request for waiver of service.  This notice is being sent pursuant to Federal Rule of Civil Procedure 4(d)(1).  Please be advised that:

- The complaint was filed in the Southern District of New York.
- The complaint and two copies of the waiver form are attached hereto.
- The consequences of failing to waive service are set forth in the forms attached hereto and below.
- The request is being sent on March 7, 2012 and is due within 30 days.
- This request is being sent via e-mail to an email address that is reliably known to belong to Defendant Kraig Kast, and officer of Defendant Atherton Trust.  A copy also is being sent via U.S. Mail.
- You can return the waiver form to me either via e-mail or in the return envelope being provided.


Under Federal Rule of Civil Procedure 4(d)(2):

*Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

    (A) the expenses later incurred in making service; and

    (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.


**Kevin P. McCulloch**
Attorney at Law
Nelson & McCulloch LLP
The Chrysler Building
405 Lexington Avenue, 26th Floor
New York, New York 10174

Main:   (212) 907-6677
Direct: (646) 704-2278
Fax:    (646) 308-1178

kmcculloch@nelsonmcculloch.com
www.nelsonmcculloch.com


CONFIDENTIALITY NOTE -- THIS E-MAIL TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED

AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR EXEMPT FROM DISCLOSURE UNDERAPPLICABLE LAW.  If the reader of this transmission is NOT the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify Nelson & McCulloch LLP immediately and delete this message from your system.