# EXHIBIT 8

1  DENNIS RUSSELL (SBN: 118253)
   RUSSELL LAW GROUP
2  11150 West Olympic Boulevard
   Penthouse Suite 1120
3  Los Angeles, CA. 90064
4  Fax: (888) 361-3584
   Tel:  (310) 990-2205
5
   Attorneys for Plaintiff
6  Diane Reinecker

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 01 2011

John A. Clarke, Executive Officer/Clerk

By D. McKinney, Deputy

## SUPERIOR COURT OF CALIFORNIA

### COUNTY OF LOS ANGELES -- WEST DISTRICT – UNLIMITED

| | |
|---|---|
| DIANA REINECKER, an individual<br><br>Plaintiff,<br><br>v.<br><br>KRAIG KAST, aka WARREN CRAIG RUDINGER, an individual; MARIELLEN E. BAKER, an individual; ATHERTON TRUST COMPANY, a business entity, form unkown; ATHERTON INSURANCE SERVICES, a business entity, form unkown; ATHERTON & ASSOCIATES, a business entity, form unknown; THE ATHERTON COMPANY, a business entity, form unknown; and DOES 1 – 80, inclusive.<br><br>Defendants. | CASE NO: SC115099<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR:<br><br>(1) Breach of Oral Contract;<br>(2) Unjust Enrichment;<br>(3) Breach of Fiduciary Duty;<br>(4) Breach of the Covenant of Good Faith and Fair Dealing;<br>(5) Fraud and Deceit;<br>(6) Negligent Misrepresentation<br>(7) Promissory Estoppel<br>(8) Unfair Competition in Violation of B&P Code Sec. 17200;<br>(9) Specific Performance<br>(10) Accounting<br><br>JURY DEMANDED |

Plaintiff DIANA REINECKER, an individual ("Plaintiff") for her Complaint alleges as follows:

John H. Reid

CASE MANAGEMENT CONFERENCE
MAR 20 2012   Dept 7
_____
Date            8:30 AM

1

## JURISDICTION AND VENUE

1. This court has jurisdiction over this matter, and venue is proper in part pursuant to Cal. Code Civ. Proc. Sections 395 and 395.5 in that at all times relevant to this Complaint, the named defendants conducted business in California, and more particularly in the County of Los Angeles. Specifically, the defendants as well as DOES 1 through 25 engaged in substantial, systematic, and continuous activities in California in order to effectuate the sale of Real Property in Los Angeles County and further, performed the additional acts complained of Los Angeles County. The amount in controversy among the parties exceeds the jurisdictional minimum of this Court.

## THE PARTIES

2. At all times relevant to this Complaint, Plaintiff DIANA REINECKER, an individual ( "PLAINTIFF") is now and was residing in Los Angeles County, California.

3. Plaintiff is informed and believes and thereon alleges that Defendant KRAIG KAST aka WARREN CRAIG RUDINGER ("KAST") is now, and at all times relevant to this action was, an individual residing, acting and doing business as a real estate broker, license number 01426063, an insurance agent, license number DOI 0G91440 and as a Professional Fiduciary, alleged license number PFB #654, during all acts alleged in this Complaint in Los Angeles County, California.

4. Plaintiff is informed and believes and thereon alleges that Defendant MARIELLEN E. BAKER, an individual, ("BAKER") is now and was residing in Los Angeles County, California,

5. Plaintiff is informed and believes and thereon alleges that Defendant ATHERTON TRUST COMPANY ("TRUST") is now, and at all times relevant to this action was, a business entity, form unknown, existing under the laws of the State of California and doing business in Los Angeles County. Plaintiff is further informed and believes that TRUST was and is owned and controlled by KAST.

6. Plaintiff is informed and believes and thereon alleges that Defendant

1 ATHERTON INSURANCE SERVICES ("INSURANCE") is now, and at all times relevant to

2 this action was, a business entity, form unknown, existing under the laws of the State of

3 California and doing business in Los Angeles County. Plaintiff is further informed and believes

4 that INSURANCE was and is owned and controlled by KAST.

5    7.   Plaintiff is informed and believes and thereon alleges that Defendant

6 ATHERTON & ASSOCIATES ("ASSOCIATES") is now and at all times relevant to this

7 action was, a business entity, form unknown, existing under the laws of the State of California

8 and doing business in Los Angeles County. Plaintiff is further informed and believes that

9 INSURANCE was and is owned and controlled by KAST.

10   8.   Plaintiff is informed and believes and thereon alleges that Defendant

11 ATHERTON COMPANY ("COMPANY") is now and at all times relevant to this action was,

12 a business entity, form unknown, existing under the laws of the State of California and doing

13 business in Los Angeles County. Plaintiff is further informed and believes that COMPANY was

14 and is owned and controlled by KAST.

15   9.   Defendants DOE 1 through DOE 25 are sued in this Complaint under fictitious

16 names. Their true names and capacities are unknown to Plaintiffs. When their true names and

17 capacities are ascertained, Plaintiffs will amend this Complaint. Plaintiffs are informed and

18 believe and thereon allege that each of the fictitiously named Defendants is responsible in some

19 manner for the occurrences alleged in this Complaint and that Plaintiffs' damages as alleged in

20 this Complaint were proximately caused in whole or in part, by these fictitiously named

21 Defendants.

22   10.  Plaintiff is informed and believes and thereon alleges that there exists, and at all

23 times herein mentioned there existed, a unity of interest and ownership between Defendants

24 Trust, Insurance, Company, Associates and Kast such that any individuality and separateness

25 between these Defendants and Kast have ceased, and Trust, Insurance, Company, Associates,

26 each respectively, are the alter egos of Kast. Plaintiff is further informed and believes and

27 thereon alleges that Kast was at all times relevant to this Complaint an officer, principal and

28

shareholder of Trust, Insurance, Company and Associates, controlled each entities' business, commingled assets and failed to observe the necessary formalities to establish Trust, Insurance, Company and Associates, respectively, as legally cognizable separate entities.

11. Adherence to the fiction of the separate existence of the various parties describes in paragraphs herein above would permit an abuse of the corporate privilege and would sanction fraud and promote injustice in that Kast would be permitted to use the above-named business and corporate entities for the sole purpose of shielding themselves from liability while enabling these entities to engage in acts of fraud, breaches of contract and other bad faith acts, as alleged herein.

12. Plaintiff is informed and believes and thereon alleges that there exists, and at all times herein mentioned, that the individual Defendants herein acted outside the scope of their corporate and business entity duties and authority, ostensible or otherwise, and are individually liable under the causes of action and conduct that are the subject of this Complaint.

13. Plaintiffs are informed and believe and thereon allege that at all relevant times, each Defendant committed the acts, caused or directed others to commit the acts, or permitted others to commit the acts alleged in this Complaint. Plaintiffs are further informed and believe and thereon allege that some or all of the Defendants acted as the agent of the other Defendants, and all of the Defendants acted within the scope of their agency if acting as an agent of another. Plaintiff is informed and believes and thereon allege that at all relevant times, each Defendant knew or realized that the other Defendants were engaging in or planned to engage in the violations of law alleged in this Complaint.

14. Plaintiff is further informed and believes and thereon alleges, that knowing or realizing that the other Defendants were engaging in or planning to engage in unlawful conduct, each Defendant intended to and did encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other Defendants in the unlawful conduct.

15. The Defendants identified in paragraphs 2 through 14 above, shall be referred to individually as a **"Defendant"** and collectively as the **"Defendants."**

# FACTS COMMON TO ALL CAUSES OF ACTION

16. On August 4, 2011, Plaintiff and Defendant entered into an oral agreement whereby Defendant Kast and Atherton & Assoociates, as a real estate broker and listing agent, orally agreed to receive a total amount of $2,500 as commission upon the sale of the real property commonly known as 535 Ocean Avenue, Santa Monica, California 90402. It was further agreed between the parties, that the balance of the commissions, in the amount of $38,000 were to be distributed to Plaintiff, in consideration as a finder and for performing non-licensed administrative duties, through escrow.

17. Plaintiff, in justifiable reliance on Defendant's promise, placed Defendant with the Seller's property but Plaintiff did not have authority nor undertook duties beyond bringing the parties together, except for providing some information to Defendant before introducing Defendant to the Seller/Seller's property. Additionally, Plaintiff performed some activities that were only peripherally connected to the transaction, such as clerical type work, and Plaintiff did not participate in the negotiations and had no authority related to the transaction.

18. The parities' acts and conduct evidence such an oral agreement; for instance, said parties drafted a written agreement, entitled "Commission Structure Agreement", reflecting said terms of the oral agreement which was intended to be place into escrow. A true and correct copy of this agreement is attached hereto as exhibit "A." Another agreement was drafted to coincide and co-exist with said "Commission Structure Agreement"; this agreement is also dated August 4, 2011 and is entitled "Confidential Disclosure and Fee Agreement" and was intended by the parties to be placed into escrow. A true and correct copy of said agreement is attached hereto as Exhibit "B."Additionally an email dated September 14, 2011, reaffirms the agreement and Defendant's promise to pay said commissions to Plaintiff. Said email states, in part, " my accountant will prepare the associated 1099s and send them out to you – per our original agreement….for an immediate disbursement of the 50% of the commission, per our agreement."

19. In further reliance of Defendant's promise and agreement, Plaintiff allowed, without interference, for Defendant to enter into a Residential Listing Agreement for the transaction, whereby Defendant was listed as the listing Broker and the Seller agreed to compensate Defendant a 3% commission or a 1.5% commission should other broker(s) participate through the MLS in the transaction. The original listing price for the subject property was three million dollars ($3,000,000.00). The property was eventually sold, after negotiations, at the price of $2,700,000.00, resulting in a total commission to Defendant in the amount of $40,500.00. In further reliance, Plaintiff allowed, without interference, Seller and Buyer to enter into a Purchase agreement, with Defendant as the listing broker, and to allow escrow to close.

20. However, Defendant failed to execute and submit said agreements with plaintiff into escrow and also failed to inform escrow of said oral agreement between Plaintiff and Defendant so that said monies could be distributed to Plaintiff out of escrow proceedings. Defendant further failed to distribute the agreed upon fees to Plaintiff subsequent to receiving all of said commissions distributed through escrow and has failed to distribute said agreed upon fees to Plaintiff after the close of escrow up to the present time. Consequently, due to Defendant's actions and concealments, Plaintiff has suffered a great injustice that can only be avoided through the enforcement of Defendant's promise to Plaintiff and the agreement between Plaintiff and Defendant.

**FIRST CAUSE OF ACTION**
(For Breach of Oral Contract against all Defendants and Does 1 through 5)

21. Plaintiff re-alleges and incorporates each and every allegation contained in paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

22. Plaintiff has materially performed the terms and condition of the Finder Agreement ("Finder Agreement") in the manner specified in said Agreement, except where the actions and activities of Defendants either prevented or excused performance by Plaintiff. Defendants, and each of them, have failed and refused, and continue to refuse, to tender their

performance as required by said Agreement. Defendants have been in breach and continue in breach of the oral agreement by: 1) failing to execute said written agreements that reflect the oral agreement between the parties, 2) failing to execute and submit both written agreements in escrow, 3) failing to notify escrow of the oral fee agreement, 4) failure to compensate and distribute to Plaintiff, to date, any of the monies due under the oral agreement between the parties hereto.

23. Defendants' failure and refusal to perform their obligations under the oral contract has directly damaged Plaintiff in an amount not less than $38,000, to be established at time of trial.

## SECOND CAUSE OF ACTION

(For Unjust Enrichment against All Defendants and DOES 5 through 10)

24. Plaintiff re-alleges and incorporates each and every allegation contained in paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

25. Defendants, and each of them jointly and severally, through their wrongful conduct as described in this Complaint, have reaped substantial profits from the monies and fees belonging to Plaintiff, and in so doing each has caused Plaintiff to suffer substantial monetary damages and costs, all of which damages and costs were not only foreseeable but were the intended consequences of Defendants' collective actions.

26. Based on the facts as alleged in this Complaint and as proven at trial, in equity and good conscience, it would be unconscionable and otherwise unjust for Defendants to enrich themselves at the expense of Plaintiff.

27. As a proximate result of the conduct of Defendants as alleged, Plaintiff has incurred damages in that Plaintiff was induced to enter into said oral agreement and promise by Defendants as alleged herein, all by reason of which Plaintiff has been damaged in at least the sum of $38,000 and additional amounts according to proof at time of trial, including interest, attorneys' fees and costs.

## THIRD CAUSE OF ACTION

(For Breach of Fiduciary Duty Against all Defendants and Does 10 through 15, inclusive)

28. Plaintiff re-alleges and incorporates each and every allegation contained in paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

29. Defendants were acting in the capacity of a licensed real estate broker and as a professional fiduciary at all times during the acts as alleged herein. Plaintiff was a finder and clerical helper at all times and was owed, and continues to be owed, fiduciary responsibilities and duties by the Defendants. Under California law, Defendants owed the upmost fiduciary duty of care, loyalty and candor to Plaintiff.

30. Defendants breached their fiduciary obligations by making the misrepresentations alleged herein and by otherwise engaging in the course of conduct alleged in this Complaint.

31. The above course of conduct was pursued without due regard for and in reckless and conscious disregard of the financial circumstances of Plaintiff and resulting damages to Plaintiff. Defendants pursued this course of conduct intentionally and maliciously while unconscionably disregarding of the rights of Plaintiff and with a fraudulently and/or with a reckless disregard of the likelihood of causing Plaintiff economic damage and/or at all times to further their own economic interest at the expense of plaintiff's economic interest.

32. As a proximate result of the fraudulent conduct and the other acts and conduct as alleged, Plaintiff has incurred damages in that the sale and purchase transaction with the subject property was made, all by reason of which Plaintiff has been damaged in at least the amount of $38,000, plus additional amounts according to proof at time of trial, including interest, attorneys' fees and costs.

34, In doing the acts alleged above, Defendants acted with oppression, fraud, and malice, such that Plaintiff is entitled to punitive damages.

## FOURTH CAUSE OF ACTION

(For Breach of the Covenant of Good Faith and Fair Dealing Against All Defendants and DOES 15 through 20)

35. Plaintiffs re-allege and incorporate each and every allegation contained in paragraphs 1 through 34 of this Complaint, as though fully set forth herein.

36. California law implies a covenant of good faith and fair dealing in all contracts entered into in California.

37. As a result of the actions of Defendants, and each of them, as described above in this Complaint, Defendants violated the implied covenant of good faith and fair dealing contained in the Agreement. As a result, Plaintiff is entitled to the damages as prayed for in this case, which damages are no less than the amount of $38,000.

## FIFTH CAUSE OF ACTION

(For Fraud and Deceit against All Defendants and DOES 21 through 30)

38. Plaintiffs re-allege and incorporate each and every allegation contained in paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

39. At the time that Plaintiff was induced to enter into the oral agreement, and continuing thereafter, Plaintiff was led to believe that the assurances, representations and other statements made to Plaintiff by Defendants, as alleged herein above, as well as that Defendants would: 1) execute the written agreements that embodies all terms of the oral agreement, 2) submit said written agreements in escrow, 3) timely notify escrow of the oral agreements between the parties, 4) instruct escrow to distribute $38,000 to Plaintiff as a finder's fee, 5) distribute and compensate Plaintiff $38,000 subsequent to the close of escrow, 6) that Defendant Kast was a professional fiduciary with an active license.

40. When Defendants made these assurances and representations, each of them knew them to be false and each of them made these representations with the intention to deceive and defraud Plaintiff and to induce Plaintiff to act in reliance on these representations in the manner alleged and to act as a finder for Defendant in the subject real property

1 | transaction.

41. At the time these assurances and representations were made by Defendants, and each of them and at the time Plaintiff committed to acting as a finder and took the other actions alleged, Plaintiff was unaware of the falsity of Defendants' statements and believed them to be true. In reliance on these assurances and representations, Plaintiff was induced to and did make the oral agreement, as well as to take all other acts and actions as alleged herein realted to the purchase of the subject property

42. Had Plaintiff known the actual facts, Plaintiff would not have entered into the oral agreement nor acted as a finder in the real property transaction.

43. Plaintiff's reliance on the assurances, representations and other statements of Defendants, and each of them, was justified because Defendants represented that they possessed the experience and skills necessary to act as a professional fiduciary and broker and that Defendants had the professional licensing and the required and legal ethics that accompany such licensing.

44. As a proximate result of the fraudulent conduct alleged, Plaintiff has incurred damages in that Plaintiff was induced to enter into the oral agreement as well as to act as a finder so that Defendant would become the listing broker with the subject property, all by reason of which Plaintiff has been damaged in at least the amount of $38,000 and additional amounts according to proof at time of trial.

45. The conduct of Defendants, and each of them, was an intentional misrepresentation, deceit, or concealment of a material fact known to each of the Defendants with the intention on the part of the Defendants of thereby depriving Plaintiff of monies, property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship and conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

## SIXTH CAUSE OF ACTION

(For Negligent Misrepresentation against All Defendants and DOES 31 through 40)

46. Plaintiff re-allege sand incorporates each and every allegation contained in paragraphs 1 through 45 of this Complaint, as though fully set forth herein.

47. The Defendants, and each of them, when they made these representations, as alleged in full above had no reasonable ground for believing that the representations were true. Defendants, and each of them, made the representations with the intent to induce the Plaintiff to take the actions alleged, and with the intent of causing Plaintiff to enter into the oral agreement and to perform as a finder in the transaction.

48. Had Plaintiff known the true facts, Plaintiff would not have entered into the oral Agreement or taken the actions as a finder in the transaction.

49. As a proximate result of the negligent misrepresentations and conduct of Defendants as alleged, Plaintiff has incurred damages in that Plaintiff was induced to enter into the oral agreement and take the actions alleged that enabled Defendants to obtain said commissions, by reason of which Plaintiff has been damaged in at least the sum of $38,000 and additional amounts according to proof at time of trial, including interest, attorneys' fees and costs.

### SEVENTH CAUSE OF ACTION

(Promissory Estoppel against All Defendants and DOES 41 through 50)

50. Plaintiff re-alleges and incorporates each and every allegation contained in paragraphs 1 through 49 of this Complaint, as though fully set forth herein.

51. Defendants as alleged herein made said promises as alleged herein, including, but not limited to, compensate Plaintiff in the sum of $38,000 if Plaintiff, as a finder, obtained the property listing for Defendant as the listing Broker. In making such promises, Defendants reasonably expected for Plaintiff to be induced to act as Plaintiff did so act and as alleged herein.

52. Plaintiff, as promisee, acted as alleged herein in justifiable reliance on Defendants' promises, including the payment of $38,000 for acting as a finder and making the introduction to Defendants so that Defendants would and could be the listing Broker and earn

the agreed upon and promised fee of $2,500.

53. As a result of Defendants acts and conduct as alleged herein, injustice can be avoided only through the enforcement of the promise to pay Plaintiff $38,000 for Plaintiff's role as a finder in the transaction, by reason of which Plaintiff has been damaged in at least the sum of $38,000 and additional amounts according to proof at time of trial, including interest, attorneys' fees and costs.

**EIGHTH CAUSE OF ACTION**

(For Unfair Competition in Violation of Cal. Bus. & Prof. Code Section 17200 against All Defendants and DOES 51 through 60)

54. Plaintiff re-alleges and incorporates each and every allegation contained in paragraphs 1 through 53 of this Complaint, as though fully set forth herein. Pursuant to Sections 17200 et seq. of the California Business and Professions Code, unfair business practices include any unlawful, unfair or fraudulent business practice.

55. Plaintiff is informed and believes and thereon alleges that Defendants' solicitation and conduct towards Plaintiff in the subject transaction through the use of fraudulent and negligent misrepresentations and acts as alleged herein constitutes unlawful, unfair and/or fraudulent business practices in violation of Section 17200 et seq. of the California Business and Professions Code and California common law.

56. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and will continue to suffer substantial pecuniary losses and irreparable injury to her business reputation and goodwill. As such, Plaintiff's remedy at law is not adequate to compensate for injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to temporary, preliminary and permanent injunctive relief.

57. By reason of such wrongful acts, Plaintiff is and will be in the future, deprived of profits and benefits of said business relationships, transactions and agreements, and Defendants have wrongfully obtained these profits and benefits and Plaintiff is entitled to

restitution thereof in an amount not less than $38,000, to conform to proof at trial.

## NINETH CAUSE OF ACTION

(For Specific Performance Against all Defendants and DOES 61 through 70)

58. Plaintiff re-alleges and incorporates each and every allegation contained in paragraphs 1 through 57 of this Complaint, as though fully set forth herein.

59. At the time of the oral contract described herein above and the date set for the closing of escrow Plaintiff tendered full performance to Defendants and Plaintiffs have performed all conditions of the oral contract that were and are required to be performed by Plaintiff. Plaintiff remains ready and willing to perform all terms of the agreement by compensating Defendant the agreed upon sum of $2,500 for Defendants' services.

59. Plaintiff has no adequate remedy at law. Defendant has failed and refused, and continues to fail and refuse, to perform the conditions of the oral contract, in that Defendants refuse to distribute the fees as agreed upon and earned by Plaintiff.

## TENTH CAUSE OF ACTION

(For An Accounting Against all defendants and Does 71 through 80, inclusive)

60. Plaintiff re-alleges and incorporates each and every allegation contained in paragraphs 1 through 59 of this Complaint, as though fully set forth herein.

61. Plaintiff is entitled to an accounting of all monies and records by law. Defendants have undergone numerous transactions and expenditures related to the subject transaction and subsequent acts and conduct. The amount of money possessed by Defendants and the financial status of Defendants are unknown to Plaintiff and cannot be ascertained without an accounting of Defendants and their bank accounts and assets  Plaintiff has previously demanded an accounting from Defendants but Defendants have failed and refused, and continue to fail and refuse to render an accounting to Plaintiffs.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1. For compensatory and special damages in the principal amount of $38,000, according to proof;

2. For general damages not less than $100,000, according to proof;

3. For a constructive trust to be imposed on the revenues derived by Defendants;

4. For Punitive damages, according to proof;

5. For reasonable attorney's fees in an amount according to proof;

6. For an accounting between Plaintiff and Defendants;

7. For payment over to Plaintiff of the amount due from Defendants as a result of the accounting;

8. For an order that Defendants specifically perform the contract and tender all sums owing;

9. For interest at the legal rate from September 13, 2011

10. For costs of suit herein incurred; and

11. For such other and further relief as the court may deem proper.

Dated: November 25, 2011          RUSSELL LAW GROUP

                                  By _____
                                     Dennis Russell, attorney for Plaintiff

EXHIBIT "A"

# Commission Structure Agreement
## Per Phone Call 8/4/11

**Atherton & Associates**          **Collect Commission (TBD)**
                                   **per RE Contract**
**Payable to K. Kast**             **$  2,500**
**Payable to D. Reinecker**        **Balance of Commission**

Due and Payable at close of Escrow. Agreement to be submitted to Escrow with commission instructions.

By_____        Date: August 4, 2011
Kraig Kast
Broker License ID 01426063
Atherton & Associates
The Atherton Company
Atherton Investment Advisors
CB Real Estate Wealth Management

By_____        Date: August 4, 2011
Diana Reinecker

This Commission Structure Agreement between Kraig Kast and D. Reinecker is also to be considered as a non disclosure. A revised agreement will be issued after Seller and Buyer have reached a sales price. The true and accurate commission will be stated whereas, Kraig will be paid a fee of $2,500 from the actual commission collected.

EXHIBIT "B"

**Confidential Disclosure and Fee Agreement:**

This Agreement is entered into this __4th__ day of __August__, 2011 by and between __Kraig Kaste of Atherton & Associates__ (hereinafter "Recipient") and __D. Reinecker__ (hereinafter "Discloser").

WHEREAS Discloser possesses certain ideas and information relating to __real estate sale__ that is confidential and proprietary to Discloser (hereinafter "Confidential Information"); and

WHEREAS the Recipient is willing to receive disclosure of the Confidential Information pursuant to the terms of this Agreement for the purpose of __commission fees as follows__ ;

- A. Atherton & Associates to receive $40,500 and disburse $38,000 to D. Reinecker upon close of escrow.
- B. This Agreement also includes Recipients companies named The Atherton Company, Atherton Investment Advisors and CB Real Estate Wealth Management and Kraig Kaste Broker License 01426063 in the state of California.

NOW THEREFORE, in consideration for the mutual undertakings of the Discloser and the Recipient under this Agreement, the parties agree as follows:

1. Disclosure. Discloser agrees to disclose, and Receiver agrees to receive the Confidential Information.

2. Confidentiality.

2.1 No Use. Recipient agrees not to use the Confidential Information in any way, or to manufacture or test any product embodying Confidential Information, except for the purpose set forth above.

2.2 No Disclosure. Recipient agrees to use its best efforts to prevent and protect the Confidential Information, or any part thereof, from disclosure to any person other than Recipient's employees having a need for disclosure in connection with Recipient's authorized use of the Confidential Information.

2.3 Protection of Secrecy. Recipient agrees to take all steps reasonably necessary to protect the secrecy of the Confidential Information, and to prevent the Confidential Information from falling into the public domain or into the possession of unauthorized persons.

3. Limits on Confidential Information. Confidential Information shall not be deemed proprietary and the Recipient shall have no obligation with respect to such information where the information:

(a) was known to Recipient prior to receiving any of the Confidential Information from Discloser;

(b) has become publicly known through no wrongful act of Recipient;

(c) was received by Recipient without breach of this Agreement from a third party without restriction as to the use and disclosure of the information;

(d) was independently developed by Recipient without use of the Confidential Information; or

(e) was ordered to be publicly released by the requirement of a government agency.

Initialed _____        Initialed _____

4. Ownership of Confidential Information. Recipient agrees that all Confidential Information shall remain the property of Discloser, and that Discloser may use such Confidential Information for any purpose without obligation to Recipient. Nothing contained herein shall be construed as granting or implying any transfer of rights to Recipient in the Confidential Information, or any patents or other intellectual property protecting or relating to the Confidential Information.

5. Term and Termination. The obligations of this Agreement shall be continuing until the Confidential Information disclosed to Recipient is no longer confidential.

6. Survival of Rights and Obligations. This Agreement shall be binding upon, inure to the benefit of, and be enforceable by (a) Discloser, its successors, and assigns; and (b) Recipient, its successors and assigns.

IN WITNESS WHEREOF, the parties have executed this agreement effective as of the date first written above.

DISCLOSER
Signed: _____
Print Name: D. Reinecker
Title: _____
Date: 8/4/11

RECIPIENT
Signed: _____
Print Name: Kraig Kaste
Title: _____
Date: 8/4/11