USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 20, 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERICKSON PRODUCTIONS, INC. and
JIM ERICKSON,

                Plaintiffs,

-against-

ATHERTON TRUST, KRAIG R. KAST,
and ONLY WEBSITES, INC.,

                Defendants.

**MEMORANDUM**
**OPINION & ORDER**

12 Civ. 1693 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiffs Jim Erickson and Erickson Productions, Inc. allege that Defendants Atherton Trust (the "Trust"), Kraig R. Kast, and Only Websites, Inc. violated the Copyright Act, 17 U.S.C. § 101, et seq., by using – on the Trust's website – three copyrighted photographs taken by Jim Erickson and owned by Erickson Productions.

        On November 28, 2012, this Court issued an Order of Default as to the Trust and Only Websites, Inc. (Dkt. No. 18) Accordingly, Kast is the only remaining defendant.

        Kast, proceeding pro se, has moved to dismiss under Fed. R. Civ. P. 12(b)(2) or 12(b)(3) for lack of personal jurisdiction and improper venue. In the alternative, Kast argues that this action should be transferred to the Central District of California pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, Kast's motion to dismiss for lack of personal jurisdiction will be granted; his remaining motions will be denied as moot.

# BACKGROUND[1]

## I. FACTUAL BACKGROUND

Erickson Productions, based in Petaluma, California, is the sole distributor and licensor of photographs taken by Erickson. (Am. Cmplt. (Dkt. No. 4) ¶ 1)  Kast, a resident of Valley Center, California (May 21, 2012 Kast Decl. (Dkt. No. 27) ¶ 2), is the Chief Executive Officer and Managing Trustee of the Trust, a wealth management company. (Am. Cmplt. ¶¶ 4-5)  Kast hired Only Websites, Inc., a website development company, to create a website for the Trust. (Id. ¶¶ 7, 18, 20)  The website uses three of Erickson's photographs. (Id. ¶¶ 21-26)  Defendants never obtained permission from Plaintiffs to use these photographs. (Id. ¶ 27)

The Trust's website offers a wide variety of services to potential clients, including wealth planning; asset management; tax, insurance, and investment advice; advice concerning philanthropic activities, and private banking services. (Id. at Exs. 1-3; Nov. 19, 2012 McCulloch Decl. (Dkt. No. 16), Ex. 2)  The website also offers testimonials from a number of purported Trust clients, including two from New York:

> I'm a risk taker, I figure I can always make more money, your team gave me the little secrets of how to make it, keep it and make more of it.  Y.P. Westchester, NY
>
> "I didn't think I needed your loss protection strategies until January 2008.  Now I'm a believer."  H.H. New York NY

---

[1] The following facts are drawn from the Complaint and its exhibits and attachments. "In assessing the legal sufficiency of [a plaintiff's] claim[s] [on a motion to dismiss], [the court] must accept factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Bldg. Indus. Elec. Contractors Ass'n v. City of New York, 678 F.3d 184, 187 (2d Cir. 2012) (citing DiFolco v. MSNBC Cable LLC, 622 F.3d 104, 111 (2d Cir. 2010)).  The court may "consider . . . the complaint and any documents attached thereto or incorporated by reference and 'documents upon which the complaint "relies heavily."'" Id. (quoting In re Citigroup ERISA Litig., 662 F.3d 128, 135 (2d Cir. 2011) (quoting DiFolco, 622 F.3d at 111)).

(Nov. 19, 2012 McCulloch Decl., Ex. 2)  Potential clients are invited to contact the Trust at its headquarters in San Mateo, California; a telephone number, fax number, and email link is provided for that purpose.  (Id.)  The website further states that the Trust's "wealth management and trustee specialists [would be] pleased to schedule a convenient time and place for [clients] to meet [them] in . . . [twenty-one] metropolitan areas [including] . . . New York-Northern New Jersey-Long Island."  (Id.)  While the website advertises the Trust's various financial services, it does not appear that viewers of the website can place orders for goods or services via the website.  (See Am. Cmplt., Exs. 1-3; Nov. 19, 2012 McCulloch Decl., Ex. 2)

## II.     PROCEDURAL BACKGROUND

Erickson Productions filed the Complaint in this action on March 7, 2012, naming the Trust and Kast as defendants.  (Dkt. No. 1)  On June 1, 2012, Plaintiffs filed an Amended Complaint, adding Erickson as a plaintiff and Only Websites, Inc. as a defendant.  (Dkt. No. 4)  As noted above, on November 28, 2012, the Court issued an Order of Default as to the Trust and Only Websites, Inc.  (Dkt. No. 18)

On May 21, 2012, Kast moved to dismiss for lack of personal jurisdiction and improper venue under Fed. R. Civ. P. 12(b)(2) and (3).  (Dkt. No. 3)  In the alternative, Kast moved for the action to be transferred to the Central District of California.[2]  (Id.)  On June 27, 2012, Kast submitted a supplemental brief and declaration in which he continues to argue that he does not have sufficient contacts with New York to justify this Court's exercise of personal jurisdiction over him.  (Dkt. Nos. 28-29)

---

[2] Kast also argues that the claims against him should be dismissed because Delaware trust law immunizes him for acts he took as a trustee.  (May 21, 2012 Def. Br. 11-12)  This argument is not relevant to Kast's pending motions under Rule 12(b)(2) and (3), and accordingly will not be addressed by the Court.

On June 5, 2012, Plaintiffs filed their opposition, arguing that Kast's motion is mooted by Plaintiffs' filing of an Amended Complaint, and that Kast has not demonstrated that transfer is appropriate under 28 U.S.C. § 1404(a). (Dkt. No. 5) On November 18 and 19, 2012, Plaintiffs filed a supplemental memorandum and declaration in opposition to Kast's motion to dismiss, requesting jurisdictional discovery in the event that the Court finds that it lacks personal jurisdiction. (Dkt. Nos. 15-16)

## DISCUSSION

### I. THE COURT WILL CONSIDER KAST'S MOTION TO DISMISS OR TRANSFER IN LIGHT OF THE AMENDED COMPLAINT

Plaintiffs argue that Kast's motion to dismiss or transfer is mooted by Plaintiffs' Amended Complaint. (June 5, 2012 Pltfs. Br. 2-3) "'When a plaintiff amends its complaint while a motion to dismiss is pending the court may den[y] the motion as moot [or] consider[ ] the merits of the motion in light of the amended complaint.'" NewMarkets Partners LLC v. Oppenheim, 638 F. Supp. 2d 394, 405 (S.D.N.Y. 2009) (quoting Illiano v. Mineola Union Free Sch. Dist., 585 F. Supp. 2d 341, 349 (E.D.N.Y. 2008) (quotation marks omitted and alterations in original)). Aside from adding the photographer – Jim Erickson – as a plaintiff, and adding the website developer – Only Websites, Inc. – as a defendant, the Amended Complaint is nearly identical to the original Complaint. Accordingly, the Court will consider the merits of Kast's motion as it relates to the Amended Complaint.

### II. THE COURT LACKS PERSONAL JURISDICTION OVER KAST

#### A. Legal Standard

"The plaintiff bears the burden of establishing that the court has jurisdiction over the defendant when served with a Rule 12(b)(2) motion to dismiss." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001). Prior to discovery, a plaintiff may carry this

4

burden "'by pleading in good faith . . . legally sufficient allegations of jurisdiction, i.e., by making a "prima facie showing" of jurisdiction.'" Id. (quoting Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 184 (2d Cir. 1998) (quoting Ball v. Metallurgie Hoboken–Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990))). A plaintiff "can make this showing through his own affidavits and supporting materials, containing an averment of facts that, if credited . . . , would suffice to establish jurisdiction over the defendant." Id. (internal quotation and citation omitted) "Thus, a court may consider materials outside the pleadings, but must credit the plaintiff's averments of jurisdictional facts as true." In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000, 343 F. Supp. 2d 208, 213 (S.D.N.Y. 2004) (citing Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996); Hsin Ten Enter. USA, Inc. v. Clark Enters., 138 F. Supp. 2d 449, 452 (S.D.N.Y. 2000)).

"In litigation arising under federal statutes that do not contain their own jurisdictional provisions, such as the Copyright Act under which suit is brought in the case at bar, federal courts are to apply the personal jurisdiction rules of the forum state, provided that those rules are consistent with the requirements of Due Process." Penguin Group (USA) Inc. v. Am. Buddha, 609 F.3d 30, 35 (2d Cir. 2010) (internal citations omitted).

New York's long-arm statute provides, in relevant part, that a court may exercise specific personal jurisdiction over a non-domiciliary who "transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. CPLR § 302(a)(1).[3] To establish personal jurisdiction under this section, a plaintiff must show that "(1) defendant purposefully availed himself of the privilege of doing business in the forum state such that the

---

[3] In addition to specific jurisdiction, New York law provides for general personal jurisdiction over any defendant who is "doing business" in New York. N.Y. C.P.L.R. § 301. Plaintiffs do not argue that the Court has general personal jurisdiction over Kast. (See Nov. 18, 2012 Pltfs. Br. at 2-5)

5

defendant could foresee being brought into court there; and (2) plaintiff's claim arises out of or is related to the defendant's contacts with the forum state." Aqua Products, Inc. v. Smartpool, Inc., No. 04CV5492GBD, 2005 WL 1994013, at *5 (S.D.N.Y. Aug. 18, 2005) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U .S. 408, 414 (1984); World-Wide Volkswagen Corp. V. Woodson, 444 U.S. 286, 297 (1980); Chew v. Dietrich, 143 F.3d 24, 28 (2d Cir. 1998)).

"[I]t is now well established that one does not subject himself to the jurisdiction of the courts in another state simply because he maintains a web site which residents of that state visit." Starmedia Network, Inc. v. Star Media, Inc., No. 00 Civ. 4647(DLC), 2001 WL 417118, at *3 (S.D.N.Y. Apr. 23, 2001) (quoting Nat'l Football League v. Miller, No. 99 Civ. 11846(JSM), 2000 WL 335566, at *1 (S.D.N.Y. Mar. 30, 2000); Indemnity Ins. Co. of N. Am. v. K–Line Am., Inc., No. 06 Civ. 0615(BSJ), 2007 WL 1732435, at *6 (S.D.N.Y. June 14, 2007) (website providing consumers with product information and the locations of retailers who carried its products, but not selling goods directly via the website, did "not constitute solicitation of business in New York because it is not targeted at New York"); Yanouskiy v. Eldorado Logistices Sys., Inc., No. 1:05 CV 2202(ENV), 2006 WL 3050871, at *5 (E.D.N.Y. Oct. 20, 2006) (website containing information about the defendant's products and an inventory search device, but not allowing viewers to directly place an order without further communication, insufficient basis to assert jurisdiction).

"When analyzing whether a defendant's internet activity rises to the level of purposeful activity sufficient to satisfy Section 302(a)(1), courts apply a 'sliding scale' test based on the level of a website's interactivity." Audiovox Corp. v. S. China Enter., Inc., No. 11-CV-5142(JS)(GRB), 2012 WL 3061518, at *3 (E.D.N.Y. July 26, 2012) (citing Best Van Lines, Inc. v. Walker, 490 F.3d 239, 251 (2d Cir. 2007) ("'[T]he likelihood that personal jurisdiction can be

6

constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet.'" (quoting Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997))). "A website that merely passively provides information that is accessed by individuals in New York is not grounds for the exercise of personal jurisdiction." Id. (collecting cases); see also Citigroup Inc., v. City Holding Co., 97 F. Supp. 2d 549, 565 (S.D.N.Y. 2000) ("[A passive website] has been analogized to an advertisement in a nationally-available magazine or newspaper, and does not without more justify the exercise of jurisdiction over the defendant."); Competitive Techs., Inc. v. Pross, 14 Misc.3d 1224(A), 2007 WL 283075, at *3 (Sup. Ct. Suffolk Cnty, Jan. 26, 2007) ("[I]n order to exercise personal jurisdiction over a non-resident defendant, something more than the mere posting of information on a passive web site is required to indicate that the defendant purposefully directed his activities at the forum state." (citation omitted)). "However, if a website is interactive and allows a buyer in New York to submit an order online, courts typically find that the website operator is "transacting business" in New York and is therefore subject to the court's jurisdiction." Audiovox, 2012 WL 3061518, at *3 (collecting cases).

    **B.**    **Analysis**

The Trust website is "best described as a 'passive' website which 'does little more than make information available to those who are interested' in the [Trust's] product[s]." Stephan v. Babysport, LLC, 499 F. Supp. 2d 279, 288 (E.D.N.Y. 2007) (citing Best Van Lines, 490 F.3d at 251-52). "As such, it cannot support a finding of the transaction of business sufficient to support the exercise of personal jurisdiction." See id.

The fact that viewers of the Trust website can contact the Trust through a link on the website does not change the analysis. "[A] website is still considered passive and insufficient

7

to confer jurisdiction where, as here, the only purported 'exchange of information' available on the website is a direct link allowing a user to contact the seller." Skrodzki v. Marcello, 810 F. Supp. 2d 501, 515 (E.D.N.Y. 2011); see also Universal Grading Serv. v. eBay, Inc., No. 08-CV-3557 (CPS), 2009 WL 2029796, at *7 (E.D.N.Y. June 10, 2009) (holding that defendant did not "transact business" in New York when its website only allowed viewers to provide their email addresses in order to receive a newsletter); Arouh v. Budget Leasing, Inc., 63 A.D.3d 506, 506 (1st Dep't 2009) ("Defendant's negotiation of the potential purchase of an automobile via e-mail and telephone, which was initiated by plaintiff after viewing the car on defendant-s website, is insufficient to constitute the 'transaction' of business within New York. . . . Defendant's website, which described available cars and featured a link for email contact but did not permit a customer to purchase a car, was not a projection of defendant into the state.") (citations omitted).

Likewise unavailing is Plaintiffs' argument that Kast solicited business in New York by stating on the website that Trust representatives were available to set up meetings with potential clients in the New York metropolitan area. (Nov. 18, 2012 Pltfs. Br. 3; Nov. 19, 2012 McCulloch Decl., Ex. 2)  "[O]nline advertising, even if directed at New York residents, is not sufficient to support the exercise of personal jurisdiction over a defendant when it is not 'supplemented by business transactions occurring in the state . . . or . . . accompanied by a fair measure of the defendant's permanence and continuity in New York which establishes a New York presence.'" A.W.L.I. Group, Inc. v. Amber Freight Shipping Lines, 828 F. Supp. 2d 557, 566 (E.D.N.Y. 2011) (quoting Virgin Enters. v. Virgin Eyes LLC, No. 08 Civ. 8564, 2009 WL 3241529, *4 (S.D.N.Y. Sept. 30, 2009)).  Therefore, the offer on the Trust's website to meet with clients in New York (and in twenty other metropolitan areas in the United States), standing alone, does not provide a basis for this Court to exercise personal jurisdiction over Kast.

Plaintiffs have not offered any evidence that viewers of the Trust website could place orders or otherwise interact with Kast or the Trust via the website, aside from sending an email.  Accordingly, the website is passive and its existence is not sufficient to confer jurisdiction over Kast.  Audiovox Corp., 2012 WL 3061518, at *3; Babysport, LLC, 499 F.Supp.2d at 288; Citigroup Inc., 97 F. Supp.2d at 565.

Plaintiffs also argue, however, that the website testimonials from New York clients (Nov. 19, 2012 McCulloch Decl., Ex. 2) prove that Kast conducted business transactions in New York.  (Nov. 18, 2012 Pltfs. Br. 4)  While website testimonials from customers in a specific state do not necessarily prove that any business transaction occurred in that state, see, e.g., RVDirect.com v. Worldwide RV, No. 1:10-CV-0701 (LEK/DRH), 2010 WL 5391535, at *6 (N.D.N.Y. Dec. 21, 2010) ("Plaintiffs do not allege, and the Court will not infer, that the New York resident whose testimonial appears on Defendant's website made her purchases online or that the product was delivered to her New York address."), there are circumstances in which courts have cited testimonials as proof that transactions occurred in a particular state.  See, e.g., Dux Interiors, Inc. v. Dyevich, No. 06 Civ. 8145(PKC), 2007 WL 2789443, at *2-*3 (S.D.N.Y. Sept. 26, 2007).

Even if this Court could find that the testimonials on the Trust website demonstrate that Kast transacted business in New York, Plaintiffs have not shown that their claim "arises out of or is related to the defendant's contacts with the forum state." Aqua Prods, Inc., 2005 WL 1994013, at *5.  "[T]his test requires 'a substantial nexus between the cause of action and the defendant's contacts with New York.'" Id. (quoting Graphic Controls Corp., v. Utah Med.Prods., Inc., 149 F.3d 1382, 1386 (Fed. Cir. 1998).  Plaintiffs have not offered any evidence suggesting that there is any connection between their copyright claims and the two New

9

York residents who allegedly used the Trust's services and gave testimonials concerning those services.[4]

In sum, Plaintiffs have not made a <u>prima facie</u> showing that Kast purposefully availed himself of the privilege of doing business in New York, nor have they shown that there is a substantial relationship between Kast's contacts in New York and their cause of action.  Under these circumstances, Plaintiffs' request for jurisdictional discovery aimed at uncovering other contacts Kast might have with New York will be denied.  See <u>Best Van Lines</u>, 490 F.3d at 255 (2d Cir. 2007) (holding that district court was "well within its discretion in declining to permit discovery because the plaintiff had not made out a <u>prima facie</u> case for jurisdiction"); <u>Jazini v. Nissan Motor Co.</u>, 148 F.3d 181, 186 (2d Cir. 1998) (district court did not err in denying jurisdictional discovery where plaintiffs had not established a <u>prima facie</u> case that the district court had jurisdiction over the defendant).

The claims against Kast will be dismissed for lack of personal jurisdiction.

---

[4]  Because Plaintiffs have failed to establish personal jurisdiction under New York law, the Court need not consider whether the exercise of personal jurisdiction over Kast would comport with Due Process.  <u>See</u>, e.g., <u>Whitaker</u>, 261 F.3d at 208-09 ("Because we agree with the district court that Whitaker failed to establish injury in New York and, hence, long arm jurisdiction, we do not reach his due process argument.").

## CONCLUSION

For the reasons stated above, Kast's motion to dismiss for lack of personal jurisdiction is granted. Kast's motion to dismiss on grounds of improper venue, and his motion to transfer, are denied as moot. The Clerk of the Court is directed to (1) terminate the motion (Dkt. No. 3); (2) terminate Kraig Kast as a defendant; and (3) mail a copy of this Order to pro se Defendant Kraig Kast, 12155 Vista Terraza Court, Valley Center, CA 92082. The Clerk of the Court is further directed not to close this case.

Dated: New York, New York
       March 20, 2013

SO ORDERED.

*Paul G. Gardephe* [signature]
Paul G. Gardephe
United States District Judge