Peter C. Dee
Mavronicolas, Mueller, & Dee, LLP
Specially Appearing for Defendant Atherton Trust
950 Third Avenue, 10th Floor
New York, NY 10022
(646) 770-1256

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| ERICKSON PRODUCTIONS, INC. et al<br><br>v.<br><br>ATHERTON TRUST et. al. | ECF Case<br><br>1:12-cv-01693 (PGG) (KNF)<br><br>**Declaration in Support of Motion To Set Aside Entry of Default** |
|---|---|

# DECLARATION OF KRAIG KAST IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT

1. I am an adult, over the age of 18 and have personal knowledge of the facts alleged herein. If called upon to testify, I could competently do so.

2. I was Managing Trustee of Atherton Trust, a Delaware Statutory Trust during its entire existence.

3. I am a resident of the State of California.

4. Atherton Trust was created pursuant to the laws of the State of Delaware, and had its principal place of business in the State of California.

5. The Trust does not do business in the State of New York and has no presence in the State of New York.

6. No meetings of the Trust's Trustees have ever taken place in New York State.

7. No meetings with customers or prospective customers of the Trust have taken place at any time during or after the creation of "Only Websites, Inc's" development website bearing Plaintiff's images in the State of New York.

8. No sales of products or services have taken place in the State of New York at any time during or after the creation of "Only Websites, Inc's" development website bearing Plaintiff's images.

9. The Atherton Trust website was created by Only Websites, Inc., a Utah corporation. The contract with Only Websites was not created or executed in the State of New York.

10. Neither Atherton Trust nor Kraig Kast were the record owners of the website in question on the date of the alleged infringements.

11. The website did not display the images in question at any time that it was owned by Atherton Trust and/or Kraig Kast.

12. Atherton Trust did not provide Plaintiff's images to Only Websites.

13. Atherton Trust specifically instructed Only Websites to find properly licensed images for use on its site.

14. The only image that was used on the final website for Atherton Trust was properly licensed to the Trust by Corbis.

15. Atherton Trust does not have the ability to control Only Websites' internal policies, employees, operations, communications, servers or Internet access.

16. The initial questionnaire provided to Only Websites by Atherton Trust explicitly stated that the Trust "need[ed] to choose photos from the options [Only Websites]

provide[d]."

17. Atherton Trust did not intend that the website would be publicly visible during the development phase, was told by Only Websites that the site was not able to be viewed by the public and did not give permission for Only Websites to publicly display the development website.

**I, Kraig Kast, do hereby declare under penalty of perjury that the foregoing is true and correct, as prescribed in 28 U.S.C. §1746.**

Executed this 26 day of November, 2013, in Foster City, California

_____
Kraig Kast