THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERICKSON PRODUCTIONS, INC., and JIM ERICKSON,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>ATHERTON TRUST; and ONLY WEBSITES, INC.<br><br>    *Defendants*. | No. 12-CV-1693 (PGG) (KNF)<br><br>Hon. Paul G. Gardephe<br>Hon. Kevin Nathaniel Fox<br><br>ECF CASE<br>Electronically Filed |

**PLAINTIFFS' NOTICE OF REQUEST FOR HEARING AND REQUEST TO STRIKE THE MEMORANDUM AND SUPPORTING DOCUMENTS FILED BY ATHERTON TRUST OR, IN THE ALTERNATIVE, TO PERMIT PLAINTIFFS TO FILE A FULL OPPOSITION BRIEF IN SUPPORT OF
<u>THEIR REQUEST FOR JURISDICTIONAL DISCOVERY</u>**

Danial A. Nelson (DN4940)
Kevin P. McCulloch (KM0530)
NELSON & McCULLOCH LLP
155 East 56th Street, 3rd Floor
New York, New York 10022
T: (212)( 355-6050
F: (646) 308-1178

December 9, 2013                                                *Attorneys for Plaintiffs*

**I.     PLAINTIFFS HEREBY REQUEST A HEARING REGARDING APPROPRIATE DAMAGES TO BE ENTERED AGAINST THE DEFAULT DEFENDANTS.**

Pursuant to the Order entered by the Court on October 22, 2013 (Docket No. 35), Plaintiffs Erickson Productions, Inc. ("Erickson Productions") and Jim Erickson ("Erickson") (collectively "Plaintiffs"), by and through undersigned counsel, hereby request a hearing on the scope of damages and costs, including reasonable attorneys' fees to date, to be entered against Defendants Atherton Trust ("Atherton") and Only Websites, Inc. ("Only Websites") (collectively, "Defendants").

**II.    THE COURT SHOULD STRIKE THE MEMORANDUM AND SUPPORTING DOCUMENTS FILED BY ATHERTON TRUST.**

In addition, Plaintiffs respectfully request that the Court strike the Memorandum and supporting Declaration of Kraig Kast (Dockets No. 41 & 42) purportedly filed by Atherton on December 3, 2013.

As instructed by the Court's October 22, 2013 Order, Plaintiffs timely submitted their Proposed Findings of Facts and Conclusions of Law and an Inquest Memorandum in support of their request for an award of statutory damages and their costs and reasonable attorneys' fees to date against Defendants. (Docket Nos. 36-39.) The Court's Order permitted Defendants until December 3, 2013 to file "any opposing memoranda, affidavits, and exhibits, as well as any alternative findings of fact and conclusions of law." (Docket No. 35 at 1.) Defendant Only Websites did not file any response. Defendant Atherton, however, filed a document it titled "Memorandum in Opposition to Motion for Default and in Support of Motion to Set Aside Entry of Default and Dismiss for Lack of Personal Jurisdiction." (Docket No. 42.)

Significantly, however, Atherton's purported "Opposition to Motion for Default" is too late and inapposite as there is no pending "motion for default" as Plaintiffs' motion for entry of default judgment <u>already was granted</u> and an Order of Default <u>already was entered</u> against

Atherton. (*See* Docket No. 18.) In this regard, any arguments against *entry* of default judgment are inapposite and untimely. Similarly, Atherton's memorandum allegedly in support of its "Motion to Set Aside Entry of Default" is confounding since Atherton has not filed any such motion.

Because Atherton's Memorandum (Docket No. 42) supposedly relates to (i) a motion that already has been resolved and (ii) a non-existent motion that has never been filed, the Memorandum must be struck.

Moreover, it is confusing that Atherton could even retain counsel and make an appearance in this action since, according to Mr. Kast's prior sworn affidavits to this Court, Atherton Trust was "dissolved" in April 2012 and thus no longer exists. Indeed, Atherton Trust's recent filings again repeat this contention and state that "Atherton Trust was dissolved on April 5, 2012." (Docket No. 42 at 1.) If Atherton Trust was actually "dissolved," it is confounding that it now has the ability to retain counsel and file responses in this action, which has been pending for 21 months and default judgment was entered against Atherton <u>over a year ago.</u>

It is apparent that Mr. Kast is the actual party that has retained counsel and still is continuing to use the guise of "Atherton Trust" to facilitate his personal agenda. The Court cannot permit Mr. Kast to continue to make appearances in this action and file documents in this action under the guise of a corporate entity that he repeatedly has represented to this Court was "dissolved" and no longer exists.[1]

---

[1] Indeed, Mr. Kast's continued efforts to participate in this action merely support Plaintiffs' prior arguments that Mr. Kast's representations to the Court that he has no contacts with New York and it would inconvenient for him to litigate this action in New York are spurious.

Furthermore, Atherton's filings are inappropriate at this stage because the only issue for which this action was referred to the designated Magistrate Judge was for an inquest regarding damages. (Docket No. 34.) The Court did not refer this action to a Magistrate Judge for resolving any specific motion or any potentially dispositive motions, and Plaintiffs did not consent under 28 U.S.C. § 636(c) to this action being referred to a Magistrate Judge for such purposes. As such, any supposed "motion to set aside the default judgment" already entered against Atherton must be separately filed and resolved by Judge Gardephe.

For all of these reasons, Plaintiffs respectfully request that the Court strike the recent filings – specifically, Docket Nos. 41 & 42 – purportedly filed by Atherton Trust.

### III. IN THE ALTERNATIVE, PLAINTIFFS REQUEST AN OPPORTUNITY TO FILE A FULL OPPOSITION BRIEF IN SUPPORT OF THEIR REQUEST TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY.

The fact that Atherton never filed a motion under Rule 55(c) to set aside the default judgment entered against it over a year ago is significant because, if Atherton had filed such a motion, then Plaintiffs would be entitled to request jurisdictional discovery and make their *prima facie* showing that such discovery was appropriate. Indeed, the Second Circuit has noted that, once a plaintiff has demonstrated a *prima facie* basis for jurisdiction, then "generally a plaintiff may be allowed limited discovery with respect to the jurisdictional issue." *First City, Texas-Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 176 (2d Cir. 1998).

The Court should not permit Atherton to escape jurisdictional discovery by avoiding basic procedural requirements and framing its opposition to damages as a motion to set aside the default judgment entered over a year ago. If Atherton had complied with proper procedures and filed such a motion, Plaintiffs would be permitted an opportunity to file a full opposition brief to make their *prima facie* case for jurisdictional discovery according to an appropriate briefing schedule set by the Court. Instead, because Atherton raised its jurisdictional arguments <u>for the</u>

first time in its opposition brief regarding the damages inquest, it is unclear from the Court's October 22, 2013 Order whether Plaintiffs are permitted to file a reply to Atherton's improper submission, let alone a full opposition brief, to make their case for jurisdictional discovery.

The Court should not permit Atherton's dilatory conduct and improper tactics to create serious prejudice to Plaintiffs.  Thus, if the Court does not strike Atherton's filings outright, Plaintiffs respectfully request that the District Court permit Plaintiffs a reasonable opportunity to conduct jurisdictional discovery from Atherton Trust and to file a full opposition brief to Atherton's purported "motion" to set aside default judgment.

Plaintiffs should be permitted a full opportunity to make their case for jurisdictional discovery because even the very limited factual record available to Plaintiffs undoubtedly indicates that there is a *prima facie* basis for asserting jurisdiction over Atherton Trust.  Indeed, the record is unequivocal that Atherton solicited clients in New York using unlicensed copies of Plaintiffs' images and also repeatedly and consistently conducted business in the State of New York.  (*See* Docket No. 15 at 3-4.)  Among other things, the infringing website at issue in this action included

    (i)    a direct solicitation of business from customers in New York;

    (ii)    a claim by Atherton that it either retained or employed "wealth management and trustee specialists" in New York; and

    (iii)    included multiple "client testimonials" from persons residing both in the State of New York and also this District.

(*Id.*; *see also* Docket No. 16, Ex. 2 at 1 & 3.)  And given that these significant ties to New York are only what Plaintiffs have been able to identify from publicly available sources, it stands to

reason that more significant ties to New York and this District will be uncovered during discovery of Atherton.

Indeed, standing alone, these ties are sufficient for the Court to find that this Court has personal jurisdiction over Atherton because whether the necessary contacts exist "is determined under the totality of the circumstances, and rests on whether the defendant, by some act or acts, has 'purposefully avail[ed] itself of the privilege of conducting activities within [New York].' Purposeful activities are those with which a defendant, through volitional acts, 'avails itself of the privileges of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Executive Life Ltd. v. Silverman*, 68 A.D.3d 715, 716, 890 N.Y.S.2d 106, 108 (NY Sup. Ct. App. Div. 2009) (citation omitted); *accord Premier Lending Servs. v. J.L.J. Assocs.*, 924 F. Supp. 13, 15 (S.D.N.Y. 1996) (holding "courts must determine on an individual basis whether or not the contacts in a particular case satisfy the New York long-arm statute 'by an analysis of the totality of the circumstances'").

Contrary to Atherton's claim, the Court's order dismissing Plaintiffs' claims against Defendant Kast – the individual – does not resolve whether personal jurisdiction exists with respect to Atherton Trust – the corporate entity. For instance, the Court's order granting Kast's motion to dismiss reasoned that client testimonials on the Atherton website were not sufficient to find that Kast *personally* solicited business in New York. (Docket No. 31 at 8.) The Court also noted that, although the website indicated that "Trust representatives were available to set up meetings with potential clients in the New York metropolitan area," that does not show that Kast personally conducted the necessary additional "business transactions" in New York. (*Id.*) But neither rationale applies to Atherton Trust. On the contrary, the fact that the Atherton website states that its "wealth management and trustee specialists" (plural) are available to meet clients in

New York strongly suggests that, even if Kast did not participate in transactions in New York, Atherton likely retained or employed other "specialists" (plural) in New York who conducted business and transaction in New York on behalf of Atherton.  As such, the Court's prior ruling applied only to Kast in his personal capacity and did not resolve any alleged jurisdictional issues with respect to Atherton which is a separate and different inquiry.

## CONCLUSION

For the forgoing reasons, the Court should strike Atherton's recent filings and set a hearing date for Plaintiffs' request for damages against the default defendants or, in the alternative, permit Plaintiffs an opportunity to conduct jurisdictional discovery.

Dated: December 6, 2013

                    Respectfully submitted,
                    NELSON & McCULLOCH LLP

                    */s/ Danial A. Nelson*

                    Danial A. Nelson (DN4940)
                    Kevin P. McCulloch (KM0530)
                    155 East 56th Street, 3rd Floor
                    New York, New York 10022
                    T: (212) 355-6050
                    F: (646) 308-1178

                    *Attorneys for Plaintiffs*