# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                 :
JORDAN MOZER AND ASSOCIATES, LTD., :
                Plaintiff, :
                 :                 13 Civ. 1181 (JPO)
        -v- :
                 :                 OPINION AND ORDER
PHILLIPE STARCK; EUGENI QUITLLET; and :
DRIADE, :
                Defendants. :
                 :
------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

      Plaintiff Jordan Mozer and Associates, Ltd. is an architecture and design firm that created the "Frankie and Johnnie" chair. Defendant Driade is a furniture manufacturing company that markets and sells the "Lou Read" chair, which bears certain resemblances to Plaintiff's chair. Driade has failed to answer or otherwise appear in this action, and Plaintiff now moves for default judgment on its copyright infringement claim. For the reasons that follow, Plaintiff's motion is granted.

**I.    Underlying Facts**

      Plaintiff is an internationally recognized design firm that specializes in the design and construction of buildings and restaurants, as well as all of the furniture therein. Plaintiff's Frankie and Johnnie chair was designed specifically for a public space in the Renaissance 57 Hotel and restaurant in New York, New York. Driade is a furniture manufacturing company that manufactures, markets, and sells the Lou Read chair. The Frankie and Johnnie chair and Lou Read chair are similar in design:

1




Plaintiff's "Frankie and Johnnie" Chair    Defendants' "Lou Read" Chair

(Dkt. No. 11, Ex. 1.) They also share motifs. The former was named in reference to the popular blues ballad, "Frankie and Johnnie," by Hank Snow. The latter was named in reference to the American blues-influenced rock musician, Lou Reed. Plaintiff owns all copyrights in the Frankie and Johnnie chair, which are registered with the U.S. Copyright Office as part of Copyright Registration No. VAu001051586. Plaintiff did not provide Driade with permission to copy or exploit its work, and Driade has refused since April 2012 to disclose the full scope of its use of the work.

**II.    Discussion**

Plaintiff filed a complaint for copyright infringement pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, on February 21, 2013. Plaintiff voluntarily dismissed its claims against Defendants Phillipe Starck and Eugeni Quitllet. (Dkt. No. 9.) Driade has not responded. Plaintiff moved for default judgment on January 7, 2014. Plaintiff seeks the following relief: (i) a permanent injunction precluding Driade from manufacturing or marketing the Lou Read chair; (ii) statutory damages; and (iii) attorney's fees and costs incurred in bringing this action.

"In default judgment proceedings, the Court must 'accept as true all of the factual allegations of the complaint, except those relating to damages.'" *Union of Orthodox Jewish Congregations of Am. v. Queseria Fiesta, LLC*, No. 12 Civ. 6059 (JPO), 2013 WL 1386965, at

2

*1 (S.D.N.Y. Apr. 5, 2013) (quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). The Court has reviewed the filings in this case and concludes that Plaintiff has satisfied the prerequisites to entry of default judgment on its copyright infringement claim. The Court therefore grants Plaintiff's motion for default judgment, and enters a permanent injunction against Driade prohibiting it from manufacturing or marketing the Frankie and Johnnie chair. *See, e.g.*, *Lauratex Textile Corp. v. Allton Knitting Mills Inc.*, 519 F. Supp. 730, 732 (S.D.N.Y. 1981) (noting that injunctive relief is appropriate where money damages will not suffice due to the likelihood that the defendant will continue to infringe upon the copyright). The only remaining questions relate to damages, attorney's fees, and costs.

Under § 504(c) of the Copyright Act, a copyright owner is entitled to recover statutory damages in lieu of actual damages and profits "in a sum of not less than $750 or more than $30,000 as the court considers just" per infringer. 17 U.S.C. § 504(c)(1). If the infringement was committed willfully, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* § 504(c)(2). Willfulness means the infringer had actual or constructive "knowledge that its actions constitute an infringement." *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986). It is not necessary that the infringer acted maliciously. *Id.* (citation omitted). Moreover, willfulness "need not be proven directly but may be inferred from the defendant's conduct." *N.A.S. Import, Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2d Cir. 1992).

Plaintiff contends that Driade's actions were willful and therefore seeks an award of damages in the amount of $150,000. There has been no discovery because Driade has failed to appear. Nevertheless, the Court finds that it acted willfully because it is reasonable to assume that as a furniture company, Driade "should have known" that its conduct was infringing based upon its experience with copyright matters. *See, e.g.*, *Fitzgerald*, 807 F.2d at 1115-17. This

3

conclusion is bolstered by Driade's failure to appear and defend in this action, as well as Plaintiff's allegations of willfulness. *See Fallaci v. New Gazette Literary Corp.*, 568 F. Supp. 1172, 1173 (S.D.N.Y. 1983).

In determining the amount of statutory damages to award, courts generally consider:

> (1) "the expenses saved and the profits reaped," (2) "the revenues lost by the plaintiff," (3) "the value of the copyright," (4) "the deterrent effect on others besides the defendant," (5) "whether the defendant's conduct was innocent or willful," (6) "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced," and (7) "the potential for discouraging the defendant."

*Manno v. Tenn. Prod. Ctr., Inc.*, 657 F. Supp. 2d 425, 433 (S.D.N.Y. 2009) (citation omitted). Many of these factors are unfortunately impossible to consider where the infringer fails to appear. Rather than rewarding infringers in cases such as this, however, courts "draw[] every reasonable inference on these points against defendants." *Philip Morris USA Inc. v. A&V Minimarket Inc.*, 592 F. Supp. 2d 669, 674 (S.D.N.Y. 2009). In light of the compensatory and deterrent purposes of the Copyright Act, the burden of bringing an action, and Driade's failure to appear, the Court deems it appropriate to award Plaintiff the full amount of statutory damages available, or $150,000. *See, e.g.*, *id.*

Plaintiff also seeks attorney's fees and costs pursuant to the Copyright Act. *See* 17 U.S.C. §§ 412, 505(c) (providing that if a copyright owner registered the work prior to the infringement, she may recover, in the court's discretion, reasonable attorney's fees and the full costs incurred in bringing the action). The Court grants Plaintiff's request. Plaintiff shall file any submissions relating to costs and reasonable attorney's fees by May 2, 2014.

## III. Conclusion

For the foregoing reasons, it is hereby ORDERED that Plaintiff's motion for default judgment is GRANTED.

The Clerk of Court is directed to enter default judgment in favor Plaintiff Jordan Mozer and Associates, Ltd. and against Defendant Driade in the amount of $150,000. Plaintiff shall file any submissions relating to costs and reasonable attorney's fees by May 2, 2014.

The Clerk of Court is also directed to close the motion at Docket No. 11.

SO ORDERED.

Dated: New York, New York
April 3, 2014

_____
J. PAUL OETKEN
United States District Judge

5