## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERICKSON PRODUCTIONS, INC., and JIM ERICKSON,<br><br>   *Plaintiffs*,<br><br>   v.<br><br>ONLY WEBSITES, INC.<br><br>   *Defendants*. | No. 12-CV-1693 (PGG) (KNF)<br><br>Hon. Paul G. Gardephe<br>Hon. Kevin Nathaniel Fox<br><br>ECF CASE<br>Electronically Filed |

**PLAINTIFFS' SECOND INQUEST MEMORANDUM IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR STATUROY DAMAGES UNDER 17 U.S.C. § 504(c)(2) AND
THEIR COSTS AND ATTORNEYS' FEES UNDER 17 U.S.C. § 505**

Danial A. Nelson (DN4940)
Kevin P. McCulloch (KM0530)
NELSON & McCULLOCH LLP
155 East 56th Street, 3rd Floor
New York, New York 10022
T: (212)( 355-6050
F: (646) 308-1178

October 31, 2014       *Attorneys for Plaintiffs*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................ii

FACTUAL BACKGROUND ............................................................................................... 1

PROCEDURAL BACKGROUND........................................................................................ 3

SUMMARY OF ARGUMENT ........................................................................................... 3

ARGUMENT ....................................................................................................................... 4

I.      PLAINTIFFS ARE ENTITLED TO HEIGHTENED STATUTORY DAMAGES AND THEIR FULL COSTS AND ATTORNEYS' FEES............................4

      A.    Plaintiffs Are Eligible To Recover Heightened Statutory Damages And Attorneys' Fees. ..................................................................................4

      B.    An Award Of Heightened Statutory Damages Under 17 U.S.C. § 504(c)(2) Is Appropriate Because Defendants' Infringements Were Willful................................................................................................................6

      C.    Significant Statutory Damages Are Warranted And Appropriate. ...........8

      D.    Plaintiffs Are Entitled To Recover Their Costs and Attorneys' Fees Under 17 U.S.C. § 505...................................................................................13

CONCLUSION................................................................................................................ 15

i

# TABLE OF AUTHORITIES

**CASES**

*Antonmarchi v. Consol. Edison Co. of New York, Inc.*, No. 03-cv-7735, 2012 WL 3126004 (S.D.N.Y. July 31, 2012) ............................................................. 16

*Cable/Home Comm. Corp. v. Network Prods, Inc.*, 902 F.2d 829 (11th Cir. 1990) ................................................................................................. 7

*Capitol Records, Inc. v. Thomas-Rasset*, 692 F.3d 899 (8th Cir. 2012) ...................................................................................................... 12

*Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224 (7th Cir. 1991) ...................................................................................................... 9

*Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186 (9th Cir. 2001) ................................................ 13

*Diamond v. Am-Law Publ'g Corp.*, 745 F.2d 142 (2d Cir. 1984) ............................................. 14

*F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228 (1952) ...................................................................................................... 9

*Fallaci v. New Gazette Literary Corp.*, 568 F. Supp. 1172 (S.D.N.Y. 1983) ...................................................................................................... 6

*Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110 (2d Cir. 1986) .................................................................................................. 6, 8

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1993) .............................................................. 14

*Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505 (9th Cir. 1985) ................................................................................................. 13

*Grosset & Dunlap, Inc. v. Gulf & W. Corp.*, 534 F. Supp. 606 (S.D.N.Y. 1982) ...................................................................................................... 15

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ................................................................ 13

*Jordan Mozer and Associates, LTD. v. Driade*, No. 1:13-cv-1181 (JPO), 2014 WL 1327960 (S.D.N.Y. April 3, 2014) ............................................. 10

*Knitwaves, Inc. v. Lollyogs Ltd.*, 71 F.3d 996 (2d Cir. 1995) ....................................... 6

*Los Angeles News Service v. Reuters Television Intern., Ltd.*, 149 F.3d 987 (9th Cir. 1998) .................................................................................... 9

*LV v. New York City Dept. of Educ.*, 700 F. Supp. 2d 510 (S.D.N.Y. 2010) ...................................................................................................... 16

*Manno v. Tennessee Prod. Ctr., Inc.*, 657 F. Supp. 2d 425 (S.D.N.Y. 2009) ............................................................................ 8, 9

*Matthew Bender*, 240 F.3d at 122 .................................................. 14

*Matthews v. Freedman*, 157 F.3d 25 (1st Cir.1998) ....................... 14

*Mitek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840 (11th Cir. 1999) .......................................................................................... 14

*N.A.S. Import, Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250 (2d Cir. 1992) ............................................................................. 6

*On Davis v. The Gap, Inc.*, 246 F.3d 152 (2d Cir. 2001)............... 13

*Philip Morris USA Inc. v. A & V Minimarket Inc.*, 592 F. Supp. 2d 669 (S.D.N.Y. 2009) ................................................................ 9

*Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357 (5th Cir. 2004).................................................................... 14

*Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120 (2d Cir. 2014)............ 12

*Rozell v. Ross–Hoist*, 576 F. Supp. 2d 527 (S.D.N.Y.2008)........... 16

*Ruggiero v. Krzeminski*, 928 F.2d 558 (2d Cir. 1991) ................... 13

*Stark Carpet Corp. v. Stark Carpet & Flooring Installations, Corp.*, 954 F. Supp. 2d 145 (E.D.N.Y. 2013) ............................ 9

*Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co.*, 74 F.3d 488 (4th Cir. 1996) ................................................ 12

*Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120 (2d Cir. 1989) .................................................................................... 14

*Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101 (2d Cir. 2001)............... 9, 12

*Zomba Enterprises, Inc. v. Panorama Records, Inc.* 491 F.3d 574 (6th Cir. June 26, 2007) ............................................................ 13

## FEDERAL STATUTES

17 U.S.C. § 412 ............................................................................... 4

17 U.S.C. § 504 ............................................................................... 1

17 U.S.C. § 504(c)(2)............................................................. 4, 6, 8, 10

17 U.S.C. § 505 ............................................................................... 13

Pursuant to the Order entered by the Court on October 22, 2013 (Docket No. 35), Plaintiffs Erickson Productions, Inc. ("Erickson Productions") and Jim Erickson ("Erickson") (collectively "Plaintiffs"), by and through undersigned counsel, hereby submit this Inquest Memorandum in support of their request for an award of heightened statutory damages for three counts of willful copyright infringement under 17 U.S.C. § 504(c)(2) and their costs and reasonable attorneys' fees to date under 17 U.S.C. § 505.

## FACTUAL BACKGROUND

Plaintiff Jim Erickson is a professional photographer who makes his living taking and licensing photographs. (*See* Amd. Compl. (Dkt. No. 4) ¶ 13.) Plaintiff Erickson Productions is the sole distributor and licensor of stock photography images taken by Jim Erickson. (*See* Declaration of Jesse Hughes ("Hughes Decl.") ¶ 3.)

Defendant Only Websites, Inc. ("Only Websites" or "Defendant") infringed Erickson's copyrights by copying three (3) of Erickson's copyrighted photographs without permission and using them for commercial purposes to design a website for one of its clients. (*See* Amd. Compl. ¶¶ 18, 21-27 & Exs. 1-3; Hughes Decl. ¶¶ 5-15.) Each page of the infringing website expressly states that "Web Design by Only Websites, Inc." (*See* McCulloch Decl. Ex. E.)

Only Websites, either directly or with the assistance of the client for whom it was designing the website, acquired Plaintiffs' photos by illegally copying them from the website of Wells Fargo Wealth Management Marketing ("Wells Fargo"). (*See* Amd. Compl. ¶¶ 28-31 & Exs. 1-6.) Wells Fargo obtained these images under a legitimate license from Erickson Productions issued on August 25, 2010. (*See* Hughes Decl. ¶ 15, Ex. D.)

On July 12, 2011, counsel for Plaintiffs contacted Only Websites' client, Kraig Kast ("Kast"), to demand that he immediately cease and desist the unauthorized use of Plaintiffs' copyrighted images on his website. (*See* Amd. Compl. ¶ 32; McCulloch Decl. Ex. A.) In

response, Kast disclaimed any knowledge that Only Websites had copied the photos from the Wells Fargo site, instead claiming that he had instructed Only Website to purchase images "from authorized image services[.]" (*See* McCulloch Decl. Ex. B at 3.)  When challenged on this point, Kast made clear that he intended to attempt to avoid liability by improperly hiding behind the corporate structure of Defendant Atherton Trust, claiming:  "You are invited to waste your time and money, even if you get a charging order you will not collect anything because of the way this company is structured." (*Id* at 1.)  Kast then cut off all further communications for almost a year, forcing Plaintiffs to pursue their claims in court.

After the Complaint was filed, Kast again indicated that he intended to "simply shut down this company [so] you and Erickson will get nothing." (McCulloch Decl. Ex. C.)  Kast also made clear that he intended to intentionally drive up the costs of litigation in the hopes that Plaintiffs would abandon their claims.  (*Id.* ("My guess is it will cost Jim Erickson a minimum of $500,000 [to litigate, so] even if he wins, it will be for no monetary gain.").)  Kast also threatened to take steps to damage Plaintiffs' business by organizing "a boycott of Erickson video and photo products within days of our being served." (*Id.*)

After Plaintiffs filed suit, Kast represented to the Court, under penalty of perjury, that Only Websites was entirely responsible for selecting the content of the Atherton Trust website and that Only Websites "owned, housed, created, designed and maintained" the infringing website.  (*See* McCulloch Decl. Ex. G at 6.)  Since that time, Kast has filed numerous sworn declarations claiming that Only Websites copied Plaintiffs' photos and published them on the "live" website without his knowledge or permission or involvement.

Only Websites' conduct – including its failure to appear in this action – supports a finding that the infringements were willful and maximum damages are necessary.

## PROCEDURAL BACKGROUND

During a November 20, 2012 hearing regarding the Order to Show Cause issued by the Court on October 19, 2012 (Dkt. No. 12), the Court held that Defendant Only Websites was in default and that a default judgment should be entered against it. The Court permitted Plaintiffs to submit additional materials to show that they are entitled to elect statutory damages under 17 U.S.C. §504 and to recover their cost and attorneys' fees under 17 U.S.C. § 505. Plaintiffs filed their motion for damages and attorneys' fees on December 3, 2012. (*See* Docket Nos. 21-24.)

Over 10 months later, on October 22, 2013, the Court ordered Plaintiffs to submit additional materials supporting their damages application, including (i) a statement of proposed findings of fact and conclusions of law and (ii) an inquest memorandum in support of their application for damages. (Docket No. 35.) Pursuant to that Order, Plaintiffs filed these submissions on November 12, 2013. (*See* Docket Nos. 36-39.)

Thereafter, Atherton Trust appeared in order to challenge the default ruling and to seek dismissal for lack of personal jurisdiction. The Court granted Atherton Trust's motion and subsequently ordered Plaintiffs to submit yet another damages application. (Docket No. 58.)

Pursuant to that Order, Plaintiffs hereby submit this Inquest Memorandum and their accompanying Statement of Proposed Findings of Fact and Conclusions of Law, along with the supporting declarations of Jesse Hughes, Director of Sales and Marketing for Erickson Productions, and Kevin McCulloch, counsel for Plaintiffs.

This action was filed on March 3, 2012 and default was entered against Only Websites on November 28, 2012. This is Plaintiffs' third application for damages.

## SUMMARY OF ARGUMENT

Plaintiffs are entitled to recover statutory damages under Section 504 of the Copyright Act because Erickson's copyrights in the three photos at issue were registered with the Copyright

Office under three separate registrations, each of which has an effective date of registration that is prior to the commencement of the infringements committed by Only Websites and the other, now-dismissed defendants. Plaintiffs, therefore, are entitled to recover three separate awards of statutory damages. And because the facts and circumstances of this case demonstrate that the infringements were "willful" in nature, Plaintiffs are entitled to an award of heightened statutory damages of up to $150,000 per infringement – or $450,000 total. *See* 17 U.S.C. § 504(c)(2).

In addition, because Plaintiffs are the "prevailing party" on their claims against Only Websites, Plaintiffs also are entitled to an award of their full costs and reasonable attorneys' fees to date. *See* 17 U.S.C. § 505.

## ARGUMENT

I.   **PLAINTIFFS ARE ENTITLED TO HEIGHTENED STATUTORY DAMAGES AND THEIR FULL COSTS AND ATTORNEYS' FEES.**

   A.   **Plaintiffs Are Eligible To Recover Heightened Statutory Damages And Attorneys' Fees.**

Under the Copyright Act, a copyright owner is entitled to recover statutory damages under 17 U.S.C. §504(c) and attorneys' fees under 17 U.S.C.§ 505 so long as the copyrights in the works at issue were registered with the U.S. Copyright Office before the commencement of the infringements. *See* 17 U.S.C. § 412. Accordingly, because Plaintiffs' copyrights in the photos at issue in this case were registered with the U.S. Copyright Office prior to the Defendants' infringements, Plaintiffs are permitted to recover statutory damages.

Plaintiffs' copyrights in the three photos illegally copied and published by Only Websites are registered under three separate copyright registrations with effective dates of (i) January 9, 2008; (ii) August 26, 2010; and (iii) October 25, 2010. (*See* Hughes Decl. Exs. A-C.) Because the infringements at issue began after the effective dates of these registrations, Plaintiffs are entitled to recover statutory damages under Section 504(c) of the Copyright Act for all claims.

4

As the record shows, Only Websites copied the three photos at issue here (along with significant other content) from the website of Wells Fargo, one of Erickson Productions' clients who obtained a legitimate license to use these images on its website.  (Amd. Compl. ¶ 25-28 & Exs. 1-6; Hughes Decl. ¶¶ 5-15.)  These photos appeared on the Wells Fargo website only after Wells Fargo purchased a license on August 25, 2010.  (*See* Hughes Decl. Ex. D.)

Plaintiffs' copyrights in the photo identified as "Image ID 21002 / Film No. 07006-3520" are registered under Copyright Registration VA 1-632-501, which has an effective date of registration of January 9, 2008.  (Hughes Decl. Ex. C.)  Defendants thus could not have acquired this photo until after Plaintiffs' copyrights in this photo were registered with the Copyright Office.  Accordingly, Plaintiffs are entitled to recover statutory damages and attorneys' fees related to their claims for this infringement.

Although Plaintiffs' copyrights in the other two photos were registered shortly after the license was issued to Wells Fargo, the registrations were submitted to and approved by the Copyright Office prior to the infringements at issue here.  According to a "call log" maintained by Only Websites, Kast first contacted Only Websites on or about December 16, 2010, months after the effective date of registration of all three photos.  (*See* McCulloch Decl. Ex. D at 2 (12/16/10, 8:52 AM Note).)

This evidence conclusively demonstrates that the subject infringements did not commence until after Plaintiffs' copyrights in all three of the photos at issue in this case were registered with the U.S. Copyright Office.  Plaintiffs thus are entitled to recover statutory damages, including heightened damages for "willful" copyright infringement under Section 504 and their costs and attorneys' fees under Section 505.

Plaintiffs hereby elect statutory damages under the Copyright Act for all three claims.

**B.      An Award Of Heightened Statutory Damages Under 17 U.S.C. § 504(c)(2) Is Appropriate Because Defendants' Infringements Were Willful.**

Even without discovery, there is indisputable evidence that the infringements at issue in this action were "willful" for purposes of awarding heightened statutory damages under 17 U.S.C. § 504(c)(2).

As this Court repeatedly has concluded, willfulness "need not be proven directly but may be inferred from the defendant's conduct." *N.A.S. Import, Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250, 252 (2d Cir. 1992).  The Court also "need not find that an infringer acted maliciously to find willful infringement." *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986) (citing *Fallaci v. New Gazette Literary Corp.*, 568 F. Supp. 1172, 1173 (S.D.N.Y. 1983)).  Rather, determining whether Defendants' infringements were willful requires only a showing that they either acted "recklessly" or had "actual or constructive knowledge" that their actions constituted an infringement.  *Id.*; *Knitwaves, Inc. v. Lollyogs Ltd.*, 71 F.3d 996, 1010 (2d Cir. 1995).

All circumstances surrounding the infringements are relevant factors in the willfulness inquiry.  *See Fitzgerald Publ'g Co.*, 807 F.2d at 1115-17.  Another relevant factor is whether the Defendants "should have known" that their conduct was infringing, which may be proven simply by showing that the Defendants were "experienced" with copyright matters or "must have realized" that their conduct was impermissible.  *Id.*; *Fallaci*, 568 F. Supp. at 1173 (holding that, "as the publisher of a copyrighted newspaper, the defendant was or should have been aware that its unauthorized republication of [another paper's] article constituted copyright infringement"); *accord Cable/Home Comm. Corp. v. Network Prods, Inc.*, 902 F.2d 829, 851 (11th Cir. 1990).

The evidence demonstrates that Only Websites' infringements were egregious and willful.  Indeed, the "call log" maintained by Only Websites reveals that Only Website fully

6

understood that copying content from the Wells Fargo website would run afoul of copyright restrictions and expressly discussed the potential copyright implications of copying content from another website.  Specifically, Only Websites' own records demonstrate that Only Websites' project manager expressly stated, in regards to copying content from the Wells Fargo website, that **"*[w]e need to be sensitive to the copy writing [sic] and change it up a bit*.**"  (*See* McCulloch Decl. Ex. D at 3 (12/20/11, 11:10 AM Note) (emphasis added).)

Despite having *actual knowledge* that its conduct would run afoul of the Copyright Act, Only Websites proceeded to copy significant content, including Plaintiffs' photos, directly from the Wells Fargo website without even attempting to obtain permission to use the content.

Even without this unequivocal evidence showing actual knowledge of its obligations to respect Plaintiffs' copyrights, the Court can find that the infringements here were willful because Only Websites unquestionably "should have known" that its copying and using photos a d other content from another company's website was not permissible and would violate copyright laws. It is not plausible that Only Websites – a company whose entire business involves using visual content and other intellectual property to design websites for clients – believed that the photos that it was copying from the Wells Fargo website were in the public domain or otherwise free to copy and use.  Nevertheless, Only Websites copied the photos and never bothered to contact Wells Fargo to determine who owned the photos, and certainly did not make any effort to obtain permission or a license to use the photos.   Given the nature of Only Websites' business, it should have been aware that its unlicensed use of photos from another website was unlawful.

On these facts, there is no serious question that Only Websites fully understood that its copying and use of these photos constituted an infringement.

### C.      Significant Statutory Damages Are Warranted And Appropriate.

Because Plaintiffs are entitled to statutory damages and the Defendants' infringements were willful, the Copyright Act permits the Court to award heightened damages up to $150,000 per infringed copyright.  *See* 17 U.S.C. § 504(c)(2).  The statutory damages award is applied "jointly and severally" against both Defendants.  *Id.*

### 1.      Relevant Factors To Consider In Assessing Statutory Damages.

In determining the amount of statutory damages to award, the Court has broad discretion to consider any facts it deems relevant.  Courts in this District generally look to the following factors:

> (1) "the expenses saved and the profits reaped," (2) "the revenues lost by the plaintiff," (3) "the value of the copyright," (4) "the deterrent effect on others besides the defendant," (5) "whether the defendant's conduct was innocent or willful," (6) "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced," and (7) "the potential for discouraging the defendant."

*Manno v. Tennessee Prod. Ctr., Inc.*, 657 F. Supp. 2d 425, 433 (S.D.N.Y. 2009) (quoting *Fitzgerald Publ'g*, 807 F.2d at 1117).

In considering these factors, the Court must take into account that the Defendants' failure to appear in this action has created an insufficient record to determine the full scope of damages and thus the Court must "draw[] every reasonable inference on these points against the defendants."  *Philip Morris USA Inc. v. A & V Minimarket Inc.*, 592 F. Supp. 2d 669, 674 (S.D.N.Y. 2009); *Stark Carpet Corp. v. Stark Carpet & Flooring Installations, Corp.*, 954 F. Supp. 2d 145 (E.D.N.Y. 2013) (same) (collecting cases).

In determining the appropriate amount of statutory damages, the Court also must bear in mind and attempt to further the goals of the Copyright Act, which are not limited to compensation or restitution.  Rather, the Copyright Act provides for heightened statutory

damages specifically to allow courts and juries to achieve the additional goals of deterrence and punishment. *See, e.g.*, *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 113 (2d Cir. 2001) ("statutory damages are not meant to be merely compensatory or restitutionary"); *Los Angeles News Service v. Reuters Television Intern., Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) ("awards of statutory damages serve both compensatory and punitive purposes"); *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991) (holding court may consider several factors in awarding damages, including deterrence and punishment).

The Court's damages award, therefore, must not only compensate Plaintiffs for their lost license fees, it also must force the Defendants to give up any ill-gotten gains, punish them for their illegal conduct, and deter them from committing future infringements. *See, e.g.*, *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232 (1952) ("The statutory rule… not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct").

In addition, the Court's damages award also should serve as a deterrent to other potential infringers. *See, e.g.*, *Manno*, 657 F. Supp. 2d at 433 (identifying "the deterrent effect on others besides the defendant" as a central factor in determining statutory damages).

### 2.      Significant Statutory Damages Are Warranted.

Under the circumstances presented here, the Court should award Plaintiffs the maximum statutory damages allowed under the Copyright Act. A significant damages award is justified and appropriate in light of the Defendants' decision to copy and use Plaintiffs' photos despite their obvious awareness that their conduct was infringing.

The Copyright Act allows the Court, in its broad discretion, to award up to $150,000 per infringed copyright, or $450,000 total. *See* 17 U.S.C. § 504(c)(2). The Court has broad discretion in determining what amount of damages is warranted. In exercising its discretion,

however, the Court must consider the circumstances of the infringement, the punitive and deterrent goals of the Copyright Act, and also construe all factors in favor of the Plaintiffs because Only Websites failed to appear in this action.

Heightened damages also are necessary to deter other web designers from copying photos to use in websites for other clients. Plaintiffs' entire business relies on the fees generated by licensing stock photos to clients under legitimate license agreements. The Defendants' conduct thus presents a real and immediate threat to Plaintiffs' livelihood. The Court thus should send a strong signal that this blatantly illegal copying by web designers will not be tolerated.

### 3. Only Websites Failure To Appear Supports Awarding Maximum Statutory Damages.

Heightened damages also are necessary and appropriate in light of Only Websites failure to appear in this action. *See Jordan Mozer and Associates, LTD. v. Driade*, No. 1:13-cv-1181 (JPO), 2014 WL 1327960 (S.D.N.Y. April 3, 2014). Considering identical circumstances as presented in this case, Judge Oetken agreed that heightened damages were appropriate an awarded maximum damages against the defaulting defendant. The Court's ruling in *Mozer* thus provides strong grounds for reaching the same conclusion here.

First, the Court held in *Mozer* that, even in the absence of any discovery, it is appropriate to find that an infringing defendant "acted willfully because it is reasonable to assume that [the defendant] 'should have known' that its conduct was infringing based upon its experience with copyright matters." *Id.* at *2 (citation omitted). The same conclusion is required in this case because, as Plaintiffs' submissions demonstrate, Only Websites is a web design company that unquestionably "should have known" that copying photos from another website was infringing. Indeed, this conclusion is all the more certain in this case because the Defendants actually discussed copyright issues and specifically admitted that "[w]e need to be sensitive to the copy

writing [sic] and change it up a bit."

Second, after finding that the defaulting defendant acted willfully, the Court held in *Mozer* that it was appropriate to impose maximum statutory damages "[i]n light of the compensatory and deterrent purposes of the Copyright Act, the burden of bringing an action, and Driade's failure to appear[.]" *Id.* at *2. Each of these factors also is present in this case and likewise supports imposing maximum damages against Only Websites.

Finally, the Court also held in *Mozer* that it was appropriate to award plaintiff his attorneys' fees under Section 505 of the Copyright Act due to the work involved in pursuing a righteous claim against an obstructionist and non-responsive defendant. *Id.* The same factors that supported such an award in *Mozer* support an award of attorneys' fees in this case.

### 4. Statutory Damages Are Not Limited To Actual Damages.

Because the factors relevant to determining statutory damages are broad and include the entire circumstances surrounding the infringement, numerous courts have held that significant statutory damages are appropriate and reasonable, even where such an award greatly exceeds actual damages, so long as they are supported by the other relevant factors. Indeed, the Second Circuit recently addressed this question directly and unequivocally stated that: "[W]e have not held that there must be a direct correlation between statutory damages and actual damages. To suggest otherwise is to ignore the various other factors a court may consider and the purposes of statutory damages in the willful infringement context." *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 127 (2d Cir. 2014). The Second Circuit's ruling in *Psihoyos* merely confirms the well-established rule that it may be necessary and appropriate under the circumstances to impose statutory damages that are substantially higher than a claimant's actual damages in order to achieve the goals of the Copyright Act and to properly compensate the claimant for its efforts in pursuing a righteous claim to conclusion.

11

For instance, in *Yurman Design, Inc. v. PAJ, Inc.*, the Second Circuit approved statutory damages of $275,000 even though this award "bears little relationship to the $19,000 in profits" earned because, according to the Court of Appeals, "statutory damages are not meant to be merely compensatory or restitutionary."  262 F.3d at 113-14.

The Fourth Circuit similarly approved an award of $400,000—the maximum damages permitted—even though the lost fees were negligible and the infringer's total profits were barely $10,000.  *Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co.,* 74 F.3d 488, 496 (4th Cir. 1996).  In addition to being 40 times the profits earned, the damages award was more than double the defendant's entire net income.  *Id.*  Nevertheless, the court upheld this award because the infringements were willful and the defendant had made "underhanded" efforts to conceal its misconduct.  *Id.* at 497.  These same factors are present here and support this Court reaching the same conclusion.

The Eighth Circuit reached the same conclusion in *Capitol Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 909-10 (8th Cir. 2012), holding that "[t]he protection of copyright is a vindication of the public interest . . . and statutory damages are by definition a substitute for unproven and unprovable damages."   In reaching the conclusion that significant damages were necessary, the Court noted that it "makes no sense to consider the disparity between actual harm and an award of statutory damages when statutory damages are designed precisely for instances where actual harm is difficult or impossible to calculate."  *Id.* at 908-09.

Courts consistently have reached the same conclusion and held that significant statutory damages are appropriate where there is a willful infringement accompanied by a defendant's efforts to avoid liability, conceal its misconduct, or to refuse to participate in the litigation.  *See, e.g.*, *Zomba Enterprises, Inc. v. Panorama Records, Inc*. 491 F.3d 574 (6th Cir. June 26, 2007)

12

(upholding statutory damages award of $806,000 even though actual damages were only $28,000); *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186 (9th Cir. 2001) (approving a $31.68 million award in light of the evidence of willfulness and because a significant award was necessary to achieve the Copyright Act's punitive goals and to deter other similar infringers).

The same factors are present here, and thus an award of maximum statutory damages is entirely appropriate and justified. *See On Davis v. The Gap, Inc.*, 246 F.3d 152, 164 (2d Cir. 2001) (Section 504(b) "should be broadly construed to favor victims of infringement."); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 514 (9th Cir. 1985). ("Any doubt as to the computation of costs or profits is to be resolved in favor of the plaintiff.").

**D.      Plaintiffs Are Entitled To Recover Their Costs and Attorneys' Fees Under 17 U.S.C. § 505.**

Section 505 of the Copyright Act provides that the Court "in its discretion may allow the recovery of full costs . . . [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.  In order to be deemed a "prevailing party" under Section 505, a plaintiff needs only to succeed "on a significant issue in the litigation that achieves some of the benefits the party sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Ruggiero v. Krzeminski*, 928 F.2d 558, 564 (2d Cir. 1991).  Because the Court already has held that Only Websites is in default and that an order of default judgment is appropriate, Plaintiffs have "prevailed" on their claims against Only Websites and should be awarded their attorneys' fees and costs.

Although the decision whether to award fees is left to the discretion of the district court, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1993), awarding fees "is the rule rather than the exception" in copyright cases. *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d

357, 381 (5th Cir. 2004) (citations omitted).   In exercising this discretion, the Court must consider whether awarding fees would "vindicate underlying statutory policies."   *Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1127 (2d Cir. 1989).   As the Supreme Court has instructed, district courts deciding whether to award costs and fees must remain "faithful to the purposes of the Copyright Act."   *Fogerty*, 510 U.S. at 534 n.19. )

Therefore, the decision whether to award costs and fees must consider that the "principle purpose of the [Copyright Act] is to encourage the origination of creative works by attaching enforceable property rights to them."   *Diamond v. Am-Law Publ'g Corp.*, 745 F.2d 142, 147 (2d Cir. 1984).   Accordingly, courts should award attorneys' fees if such an award would promote the goals of the Copyright Act, including "considerations of compensation and deterrence."   *See Matthew Bender*, 240 F.3d at 122 (citing *Matthews v. Freedman*, 157 F.3d 25, 29 (1st Cir.1998)). The decision whether to award costs also should seek to "encourag[e] the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure 'that the boundaries of copyright law [are] demarcated as clearly as possible' in order to maximize the public exposure to valuable works."   *Mitek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842-43 (11th Cir. 1999) (quoting *Fogerty*, 510 U.S. at 526-27).

An award of costs and fees under Section 505 is appropriate and warranted here because Plaintiffs were forced to file this lawsuit to protect their copyrights.   *See Grosset & Dunlap, Inc. v. Gulf & W. Corp.*, 534 F. Supp. 606, 609 (S.D.N.Y. 1982) ("When attorneys' fees are awarded to a prevailing plaintiff, the statutory provision fulfills its purpose as an added deterrent against copyright infringement").

Fees also are warranted here because this litigation was necessary because Only Websites failed to appear in this action and thus Plaintiffs were unable to conduct necessary discovery

related to their damages application.  Under such circumstances, this Court has held that a prevailing copyright plaintiff is entitled to recover its costs and attorneys' fees.  *See Mozer*, 2014 WL 1327960, at *2.

Awarding Plaintiffs their attorneys' fees also is necessary to achieve the goals of the Copyright Act because they have been forced to expend significant time and resources pursuing these claims, including tracking down the defendants, effecting service, and making multiple applications for damages.  The goals of the Copyright Act can only be served by awarding Plaintiffs their full costs and attorneys' fees to date.

A summary and accounting of Plaintiffs' costs and fees up to the filing of this application are attached as Exhibit F to the McCulloch Declaration filed in support of this application. Plaintiffs' total costs to date are **$872** and their attorneys' fees to date are **$112,880**.  The costs and fees are supported with the necessary records, which identify the work conducted by Plaintiffs' counsel with the requisite specificity.

These records also identify the hourly rate charged by Plaintiffs' counsel, which are within the range of fees already determined to be reasonable for this region and the skill level of Plaintiffs' counsel.  *See LV v. New York City Dept. of Educ.*, 700 F. Supp. 2d 510, 519 (S.D.N.Y. 2010) (approving $600/hour rate); *Antonmarchi v. Consol. Edison Co. of New York, Inc.*, No. 03-cv-7735, 2012 WL 3126004, at *2 (S.D.N.Y. July 31, 2012) (approving $530/hour rate); *Rozell v. Ross–Hoist*, 576 F. Supp. 2d 527, 545 (S.D.N.Y.2008) (approving $600/hour rate).

## CONCLUSION

For the forgoing reasons, the Court should award Plaintiffs' maximum statutory damages of $150,000 per infringement or $450,000 total.  Plaintiffs also seek to recover their full costs and attorneys' fees to date of $113,752.

Dated: October 31, 2014

Respectfully submitted,
NELSON & McCULLOCH LLP

_____
Danial A. Nelson (DN4940)
Kevin P. McCulloch (KM0530)
155 East 56th Street, 3rd Floor
New York, New York 10022
T: (212) 355-6050
F: (646) 308-1178

*Attorneys for Plaintiffs*

16

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2014, I caused to be served a true and correct copy of the foregoing document to be served by overnight U.S. Mail to the following parties:


Daniel Todd
Only Websites, Inc.
831 East 340 South, Suite 200
American Fork, UT 84003


DATED:  October 31, 2014


_____
Kevin McCulloch