UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERICKSON PRODUCTIONS, INC. and
JIM ERICKSON,

                Plaintiffs,

-against-

ONLY WEBSITES, INC.

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/16

**ORDER**

12 Civ. 1693 (PGG) (KNF)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiffs Jim Erickson and Erickson Productions, Inc. filed the Complaint in this copyright infringement action against Defendants Atherton Trust and Kraig R. Kast[1] on March 7, 2012. (Dkt. No. 1) On June 1, 2012, Plaintiffs filed an Amended Complaint, adding Only Websites, Inc. ("Only Websites") as a defendant. (Dkt. No. 4) Plaintiffs allege that Defendants used three copyrighted photographs taken by Jim Erickson and owned by Erickson Productions on a website designed for Atherton Trust. (Id.)

        The Clerk of the Court issued a Certificate of Default as to Defendants Atherton Trust and Only Websites on September 24, 2012. (Clerk's Certificate of Default (Dkt. No. 8)) This Court ordered Atherton Trust and Only Websites to show cause on November 13, 2012, why a default judgment should not be entered against them. (Order Oct. 19, 2012 (Dkt. No. 12)) The hearing was subsequently adjourned to November 20, 2012. (Dkt. No. 13) Defendants Atherton Trust and Only Websites did not appear on that date. Accordingly, this Court entered a default judgment against them, (Order of Default (Dkt. No. 18)), and referred this case to

---

[1] This Court granted Defendant Kast's motion to dismiss for lack of personal jurisdiction on March 20, 2013. (See Dkt. No. 31)

Magistrate Judge Kevin Nathaniel Fox for an inquest on damages. (Order Referring Case (Dkt. No. 34))

On September 19, 2014, however, this Court granted Atherton Trust's motion to set aside the default judgment, and dismissed the action as against Atherton Trust for lack of personal jurisdiction. (Dkt. No. 57) This Court further ordered that the inquest on damages before Judge Fox would proceed as to Only Websites. (Id.)

On October 9, 2014, Judge Fox directed each of the parties to submit memoranda regarding damages. (Order Oct. 9, 2014 (Dkt. No. 58)) Only Websites submitted nothing, but Plaintiffs submitted documentary evidence. (See Dkt Nos. 61-62) On September 2, 2015, Judge Fox issued a Report and Recommendation ("R & R") recommending that this Court award Plaintiffs $11,250.00 in damages, $350.00 in costs, and $45,152.00 in attorneys' fees. (R & R (Dkt. No. 66)) Plaintiffs filed objections to the R & R, arguing that (1) the damages award is inadequate; (2) the across-the-board cut in attorneys' fees recommended by Judge Fox is unwarranted; and (3) Judge Fox inadvertently miscalculated the attorneys' fees reduction by applying a 60% reduction instead of the 40% reduction he recommended. (See Pltf. Obj. (Dkt. No. 67) at 2-3) For the reasons discussed below, this Court adopts the R & R, but modifies the portion of the R & R calculating attorneys' fees to reflect a 40% reduction.

## DISCUSSION

I. **STANDARD OF REVIEW**

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo

2

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. "'If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.'" Thomas v. Astrue, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009) (quoting Silva v. Peninsula Hotel, 509 F. Supp. 2d 364, 366 (S.D.N.Y 2007) (citations omitted)). A decision is "clearly erroneous" when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks and citation omitted).

In accordance with the legal standards discussed above, this Court has reviewed de novo those parts of the R&R to which Plaintiffs have objected.

## II.  DAMAGES FOR COPYRIGHT INFRINGEMENT

Under the Copyright Act, a plaintiff may elect to recover an award of statutory damages for each infringed work, in lieu of an award of actual damages, "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Where a court finds "that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). "Copyright infringement is deemed willful by virtue of a defendant's default." Rovio Entm't, Ltd. v. Allstar Vending, Inc., 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015) (citing All–Star Mktg. Grp., LLC v. Media Brands Co., 775 F. Supp. 2d 613, 621–22 (S.D.N.Y. 2011); Fallaci v. New Gazette Literary Corp., 568 F. Supp. 1172, 1173 (S.D.N.Y. 1983)); see Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc., 702 F. Supp. 2d 104, 117 (E.D.N.Y. 2010) ("By virtue of their default, defendants have admitted plaintiffs' allegation that they acted knowingly and intentionally or with reckless disregard or willful blindness to plaintiffs' rights.").

3

In awarding statutory damages, courts have "wide discretion" to set the amount of the award within the statutory limits. Fitzgerald Publ'g Co. v. Baylor Publ'g Co., 807 F.2d 1110, 1116 (2d Cir. 1986). In determining statutory damages for copyright infringement, courts consider:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

Bryant v. Media Right Prods., Inc., 603 F.3d 135, 144 (2d Cir. 2010) (citing N.A.S. Impor. Corp. v. Chenson Enter., Inc., 968 F.2d 250, 252–53 (2d Cir. 1992)).

In the R & R, Judge Fox recommends that this Court award $11,250 in statutory damages to Plaintiffs. (R & R (Dkt. No. 66) at 8) This award represents "$3,750 per infringed photograph or three times the licensing fee the plaintiffs charge typically to those who wish to obtain online usage of an Erickson copyrighted photograph." (Id. at 8) In making this recommendation, Judge Fox "considered [the licensing fees typically charged by Plaintiffs], the need to deter Only Websites and others from violating copyright law in the future and Only Websites' willful conduct. . . ." (Id.) Judge Fox determined that "[t]his amount will compensate the plaintiffs for the licensing fee revenue they lost[] due to the defendant's misconduct, and will act as a specific deterrent to Only Websites and as a general deterrent to those who might consider engaging in infringing conduct in the future." (Id.)

Plaintiffs object to Judge Fox's damages recommendation, arguing that the damages are inadequate. (Pltf. Obj. (Dkt. No. 67) at 2) Plaintiffs contend that "[t]he recommended damages were calculated merely by tripling the license fee that Plaintiffs charged" (id. at 5), and that such an award "is inconsistent with significant persuasive authority imposing

4

much more substantial damages." (Id. at 2) Moreover, Plaintiffs argue that the recommended award is insufficient to "achieve the . . . goals of deterrence and punishment." (Id. at 4)

In willful copyright infringement cases, "trebling the licensing fee . . . is in line with the general approach taken by courts" in calculating statutory damages. Nat'l Photo Grp., LLC v. Bigstar Entm't, Inc., No. 13 CIV. 5467(VSB)(JLC), 2014 WL 1396543, at *4 (S.D.N.Y. Apr. 11, 2014), report and recommendation adopted, No. 13-CV-5467(VSB)(JLC), 2014 WL 5051275 (S.D.N.Y. Oct. 8, 2014); see Broad. Music, Inc. v. The Living Room Steak House, Inc., No. 14-CV-6298, 2016 WL 756567, at *6 (E.D.N.Y. Feb. 26, 2016), report and recommendation adopted sub nom. Broad. Music, Inc. v. Living Room Steak House, Inc., No. 14CV06298 (FB)(RER), 2016 WL 1056609 (E.D.N.Y. Mar. 17, 2016) ("In cases of willful infringement, courts in this Circuit typically award statutory damages between three and five times the cost of the licensing fees the defendant would have paid." (citing Broadcast Music, Inc. v. Prana Hospitality, Inc., No. 15– Civ–1987, 2016 WL 280317 (S.D.N.Y. Jan. 21, 2016))); Realsongs, Universal Music Corp. v. 3A N. Park Ave. Rest Corp., 749 F. Supp. 2d 81, 87 (E.D.N.Y. 2010) (finding that a statutory damages award of "under three times the amount of license fees they would have otherwise been paid" was reasonable in a willful copyright infringement case; collecting cases); Broad. Music, Inc. v. 120 Bay St. Corp., No. 09 CIV. 5056 (BMC), 2010 WL 1329078, at *2 (E.D.N.Y. Apr. 5, 2010) ("In light of defendants' willful [copyright] infringement, I find an award of damages that is approximately three times the annual license fee to be reasonable."); see also Sailor Music v. IML Corp., 867 F. Supp. 565, 570 (E.D. Mich. 1994) (noting that, in cases of deliberate copyright infringement, a "survey of statutory awards throughout the country . . . indicate[s] that . . . courts typically award three times the amount of a properly purchased license for each infringement" (footnote omitted)). Accordingly, Plaintiffs'

5

argument that Judge Fox's damages recommendation is inconsistent with the relevant case law is not persuasive.

Courts in this District have also found that damage awards amounting to three times the plaintiff's licensing fee are adequate both to deter the defendant from violating copyright law in the future, and to serve as a general deterrent to other potential infringers. See Broad. Music, Inc. v. Pamdh Enterprises, Inc., No. 13-CV-2255 KMW, 2014 WL 2781846, at *4 (S.D.N.Y. June 19, 2014) (finding that an award of "slightly less than three times the unpaid license fees . . . is sufficient to 'deter others from calculating that it would be cheaper to violate the copyright laws than to obtain an appropriate license agreement.'" (quoting Broad. Music, Inc. v. R Bar of Manhattan, Inc., 919 F. Supp. 656, 660 (S.D.N.Y. 1996))); Nat'l Photo Grp., LLC, 2014 WL 1396543, at *3 (finding that a statutory award of "three times the photograph's licensing fee" for willful copyright infringement would have the "desired deterrent effect on both [defendant] and other potential infringers").

This Court concludes that the recommended damages "will act as a specific deterrent to Only Websites and as a general deterrent to those who might consider engaging in infringing conduct in the future." (R & R (Dkt. No. 66) at 8)

Accordingly, this Court adopts Judge Fox's recommendation as to damages for copyright infringement.

## III.   ATTORNEYS' FEES AND COSTS

Plaintiffs seek an award of attorneys' fees and costs pursuant to 17 U.S.C. § 505 (see Pltf. Br. (Dkt. No. 60) at 8), which states that "the court in its discretion may allow the recovery of full costs. . . . [and] . . . the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

In determining whether a requested fee award is reasonable, the starting point is the calculation of the "presumptively reasonable fee." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2007). This "initial estimate" is calculated by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The determination of reasonable hourly rates is a factual issue committed to the court's discretion, and is typically defined as the market rate a "reasonable, paying client would be willing to pay." Arbor Hill, 522 F.3d at 184. "[D]istrict courts should use the 'prevailing [hourly rate] in the community' in calculating . . . the presumptively reasonable fee." Id. at 190 (second alteration in original). "[T]he 'community' for purposes of this calculation is the district where the district court sits." Id. (citing Polk v. N.Y. State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983)). More specifically, courts should consider the "market rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (quoting Blum v. Stenson, 465 U.S. 886, 896 n. 11 (1984)). In determining what rates are reasonable, a court may also rely on evidence as to the rates counsel typically charges, Farbotko v. Clinton County of New York, 433 F.3d 204, 209 (2d Cir. 2005), and "its own knowledge of comparable rates charged by lawyers in the district." Morris v. Eversley, 343 F. Supp. 2d 234, 245 (S.D.N.Y. 2004) (citing Ramirez v. N.Y. City Off–Track Betting Corp., No. 93 Civ. 682 (LAP), 1997 WL 160369, at *2 (S.D.N.Y. Apr. 3, 1997)).

Here, Plaintiffs request $112,880.00 in attorneys' fees. (Pltf. Br. (Dkt. No. 60) at 19) In the R & R, Judge Fox recommends that "a 40% across-the-board reduction in the

7

attorneys' claimed hourly total . . . be made by the Court." (R & R (Dkt. No. 66) at 13) Judge Fox bases this recommendation in part on

> the failure of the plaintiffs to (1) provide information about the backgrounds and professional experiences and reputation of their counsel; (2) submit evidence of the customary hourly rates charged by their counsel; and (3) demonstrate that the hourly rates charged by their counsel are comparable to the rates charged by similarly situated counsel in this judicial district. . . .

(Id. at 13) Judge Fox further found that "the vague entries in the law firm's billing statement and the use of block-billing entries . . . impede the Court's ability to ascertain what amount of time was expended on discrete task(s) and thereby make a meaningful review of the reasonableness of the work performed and the hours claimed." (Id.)

Plaintiffs object to Judge Fox's 40% across-the-board reduction in attorneys' fees, arguing that "[t]he time entries submitted by Plaintiffs' counsel do not warrant such a reduction." (Pltf. Obj. (Dkt. No. 67) at 3) Plaintiffs contend that – despite the use of block-billing – "there is no legitimate difficulty in determining the reasonableness of Plaintiffs' grouped time entries" because the grouped time entries "relate[] to the same overarching tasks." (Id. at 9-10)

"'Courts . . . make reductions for 'block-billing,' that is, the practice of 'aggregating multiple tasks into one billing entry,'" because "'block-billing makes it difficult if not impossible for a court to determine the reasonableness of the time spent on each of the individual services or tasks provided.'" Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. Penco United, LLC, No. 13-CV-4745 (SJF) (AKT), 2015 WL 1650960, at *5 (E.D.N.Y. Apr. 14, 2015) (quoting Barclays Capital Inc. v. Theflyonthewall.com, No. 06 CIV. 4908 (DLC), 2010 WL 2640095, at *4 (S.D.N.Y. June 30, 2010) and Linde v. Arab Bank, PLC, 293 F.R.D. 138, 142 (E.D.N.Y. 2013)); see Spence v. Ellis, No. CV 07-5249(TCP)(ARL), 2012 WL 7660124, at *7 (E.D.N.Y.

Dec. 19, 2012), report and recommendation adopted, No. 07-CV-5249 TCP, 2013 WL 867533 (E.D.N.Y. Mar. 7, 2013) ("When billing records reflect repeated use of block billing, 'courts have used percentage reductions as a practical means of trimming fat from a fee application.'" (quoting Association of Holocaust Victims for Restitution of Artwork and Materpieces v. Bank Austria Creditanstalt AG, No. 04 Civ. 3600(SWK), 2005 WL 3099592, at *7 (S.D.N.Y. Nov.17, 2005))). Moreover, courts make reductions for block-billing even when the aggregated tasks are related. See, e.g., Spalluto v. Trump Int'l Hotel & Tower, No. 04CIV.7497(RJS(HBP), 2008 WL 4525372, at *8-9 (S.D.N.Y. Oct. 2, 2008) (finding that block-billing for entries including "Reviewed Defendant's Reply Brief to Plaintiff's Responses to Motion to Dismiss; Reviewed case law; Drafted Response to Defendant's reply brief" warranted reduction).

Here, Judge Fox properly concluded that Plaintiffs' "vague entries . . . and . . . use of block-billing . . . impede the Court's ability to . . . make a meaningful review of the reasonableness of the work performed and the hours claimed." (R & R (Dkt. No. 66) at 13) Accordingly, this Court adopts the portion of the R &R recommending a 40% across-the-board reduction in Plaintiffs' requested attorneys' fees. See Meyer Corp. v. Alfay Designs, Inc., No. 2010CV3647(CBA)(MDG), 2016 WL 792398, at *9 (E.D.N.Y. Feb. 26, 2016) (applying 50 percent across-the-board reduction where, inter alia, "the billing records contain vague entries and block billing"); Williamsburg Fair Hous. Comm. v. New York City Hous. Auth., No. 76 CIV. 2125 (RWS), 2007 WL 486610, at *5 (S.D.N.Y. Feb. 14, 2007) ("Where, as here, time entries are duplicative or vague, an across-the-board reduction in the number of hours spent, with a concomitant decrease in the fee award, is well within the court's discretion."; applying reduction of "just over fifty percent").

Plaintiffs further contend, however, that "[e]ven if the Court accepts the recommended reduction in Plaintiffs' attorneys fees request, Plaintiffs also object that the amount recommended by Magistrate Judge Fox ($45,152) appears to be an inadvertent miscalculation[,] as that amount actually reflects a 60% reduction of Plaintiffs' fees (of $112,880) not the recommended 40% cut." (Pltf. Obj. (Dkt. No. 67) at 3)  Plaintiffs are correct that the R & R contains a mathematical error, and that – applying Judge Fox's recommended 40% reduction – the attorneys' fees awarded should amount to $67,728.  This Court accordingly modifies the portion of the R & R calculating attorneys' fees to reflect the correct calculation.

The R & R further recommends that this Court award Plaintiffs $350.00 in costs. (R & R (Dkt. No. 66) at 9-10)  There is no objection to this portion of the R & R.  This Court finds no clear error in Judge Fox's recommendation as to costs, and therefore adopts his recommendation to award Plaintiffs costs in the amount of $350.00.

## CONCLUSION

Judge Fox's September 2, 2015 Report and Recommendation (Dkt. No. 66) is adopted by this Court as set forth above.  The attorneys' fee award is revised to properly calculate a 40% across-the-board reduction, amounting to $67,728.  The Clerk of the Court is respectfully directed to enter judgment in favor of Plaintiffs as against Only Websites in the amount of $79,328.00 plus post-judgment interest to be calculated by the Clerk of the Court, and to close this case.

Dated: New York, New York
       March 31, 2016

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge